PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Decker and Senior Judge Clements
Argued by teleconference

PAMELA S. CLEARY

v.      Record No. 1343-13-4

THOMAS C. CLEARY

OPINION BY
JUDGE MARLA GRAFF DECKER
MAY 13, 2014

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

Lawrence D. Diehl (Brandy M. Poss; Barnes & Diehl, P.C., on
briefs), for appellant.

Beth A. Bittel (Joshua R. Anthony; Law Offices of Beth A. Bittel,
P.C., on brief), for appellee.

Pamela S. Cleary (the wife) appeals a final order of the circuit court awarding spousal

support.  On appeal, she argues that the court erred by awarding her spousal support for a defined

duration without written findings identifying the basis for the specific duration of the award.  The

wife also argues that the circuit court abused its discretion in limiting her spousal support award

to five years and in not making the award for an undefined duration.  The husband counters that

the court provided sufficient written findings and is not required to provide a justification for the

specific duration.  He also suggests that the circuit court did not abuse its discretion in limiting

support to a defined duration.  Both parties request an award of appellate attorneys' fees and

costs.

We hold that the circuit court erred by failing to make written findings sufficient to

comply with Code § 20-107.1(F).  In light of this conclusion, we do not reach the wife's

arguments that the court abused its discretion in limiting her award to a duration of five years

rather than awarding her spousal support for an undefined duration.  Finally, we deny both

parties' requests for attorneys' fees and costs incurred in this matter.  Accordingly, we reverse

and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND

The parties married on August 27, 1994, and had three children together.  During the

marriage, the husband worked as a financial advisor.  The wife worked as a pharmaceutical sales

representative for part of the marriage, and then she independently contracted for a weight-loss

business.

The parties separated after approximately seventeen years of marriage, and the wife filed

for divorce.  The circuit court awarded the wife a divorce on the grounds of adultery.  The court

made awards of equitable distribution, spousal support, child support, and attorneys' fees.  The

circuit court specifically awarded the wife spousal support of $5,000 per month for a period of

sixty months.[1]

In determining the spousal support award, the circuit court made detailed factual findings.

The court specifically considered the parties' needs, financial resources, ability to work, and

earning capacities.  The court recognized that the wife had "the ability to work."  It noted that

"[t]here was an expert who testified that she could make between [$]50[,000] and [$]60,000 a

year as a general salesperson."  The court also considered the high standard of living established

during the marriage, the seventeen-year duration of the marriage, the parties' physical and

mental conditions, each party's contributions to the well-being of the family, the property

interests of the parties, and the court's own equitable distribution rulings.  The court additionally

---

[1] In accordance with the circuit court's order, the following events would also trigger the end of the spousal support award:  the death of either party, the wife's remarriage, or the wife's habitual cohabitation in a relationship analogous to marriage for one year or more.

noted that the wife helped the husband when he obtained his brokerage license as well as when he first started his business.

The wife made a motion for the court to reconsider its decision regarding spousal support, arguing in part that the court did not make any written findings and provided "no explanation as to why spousal support was to end at 5 years." The court summarily denied the wife's motion without any further analysis or findings.

The wife appeals the defined duration and length of the spousal support award.

## II. ANALYSIS

The issues before this Court are whether the circuit court failed to make written findings justifying the basis for the nature, amount, and duration of the award; and abused its discretion in limiting the wife's spousal support to five years and in not making the award for an undefined duration. Both parties ask for an award of attorneys' fees and costs associated with this appeal.

### A. Sufficiency of the Written Findings

The wife argues that the circuit court did not identify the basis for the nature and duration of the award and thus failed to comply with Code § 20-107.1(F).[2] The husband responds that the circuit court's written findings complied with the statute. He reasons that Code § 20-107.1(F) requires identification of the factors in subsection (E) relevant to the award, but does not mandate that the circuit court quantify the weight given to each of those factors.

The resolution of this appeal requires this Court to interpret the "written findings" provisions of Code § 20-107.1(F). Interpreting a statute is a pure question of law that the Court

---

[2] The wife does not contend that the findings made from the bench did not constitute written findings. Indeed, clearly under Virginia law, "[t]he written explanation requirement can be satisfied by trial court orders, written letter opinions filed in the court's record, oral rulings 'from the bench' recorded in a written transcript, as well as findings and conclusions recorded in a statement of facts in lieu of a transcript pursuant to Rule 5A:8(c)." Pilati v. Pilati, 59 Va. App. 176, 182, 717 S.E.2d 807, 810 (2011) (citation omitted).

reviews *de novo*.  Gilliam v. McGrady, 279 Va. 703, 708, 691 S.E.2d 797, 799 (2010).  It is well

settled that:

> [w]hen the language of a statute is unambiguous, we are bound by the plain meaning of that language.  Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.  If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)

(citations omitted); see also Wright v. Wright, 61 Va. App. 432, 452, 737 S.E.2d 519, 529 (2013)

(interpreting Code § 20-107.3(G)(1) by its plain language).  Virginia courts "assume that the

General Assembly chose its language with care."  Gilliam, 279 Va. at 709, 691 S.E.2d at 799.

"[A] statute should be read and considered as a whole, and the language of a statute should be

examined in its entirety to determine the intent of the General Assembly from the words

contained in the statute."  Dep't of Med. Assistance Servs. v. Beverly Healthcare, 268 Va. 278,

285, 601 S.E.2d 604, 607-08 (2004) (en banc); see also Prince William Cnty. Sch. Bd. v. Rahim,

58 Va. App. 493, 500, 711 S.E.2d 241, 245 (2011), aff'd, 284 Va. 316, 733 S.E.2d 235 (2012).

"When interpreting a statute, the courts have a duty to give full force and effect to every word

thereof."  Foote v. Commonwealth, 11 Va. App. 61, 65, 396 S.E.2d 851, 854 (1990); see also

Cnty. of Fairfax v. City of Alexandria, 193 Va. 82, 92, 68 S.E.2d 101, 107 (1951).

Code § 20-107.1(F) provides:

> In contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by written findings and conclusions of the court identifying the factors in subsection E which support the court's order.  *If the court awards periodic support for a defined duration, such findings shall identify the basis for the nature, amount and duration of the award and, if appropriate, a specification of the events and circumstances reasonably contemplated by the court which support the award.*

- 4 -

(Emphasis added).  Code § 20-107.1(F) explicitly requires written findings identifying the factors of subsection (E) supporting the award.  Code § 20-107.1(E) provides that "[i]n determining the nature, amount and duration" of a spousal support award, "the court shall consider" thirteen different factors related to the parties' marriage, finances, and other circumstances.

This Court has held that "to comply with Code § 20-107.1(F), the trial court should identify all relevant statutory factors supporting its decision and provide an explanation of its resolution of any significant underlying factual disputes."[3]  Pilati v. Pilati, 59 Va. App. 176, 182, 717 S.E.2d 807, 810 (2011).  Nevertheless, as with an award of support for an undefined duration, the court "is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'"  Id. at 183, 717 S.E.2d at 810 (quoting Duva v. Duva, 55 Va. App. 286, 300, 685 S.E.2d 842, 849 (2009)).

In drafting the statute, the legislature clearly provided *both* that (1) in all contested spousal support cases, the circuit court shall provide written findings specifying factors under subsection (E) relevant to the award, and (2) in making an award for a defined duration, "such findings shall identify the basis for the nature, amount, and duration of the award."[4]  Code

---

[3] Typically, "when no specific explanation is given by a trial court, we presume the court followed the governing principles."  Pilati, 59 Va. App. at 181, 717 S.E.2d at 809.  "By statute, however, the General Assembly has identified certain decisions that uniquely warrant an explanation by the trial court."  Id.  This is made clear in Code § 20-107.1(E) and (F).

[4] In Pilati, this Court observed a difference between the findings requirements for a spousal support award for an undefined duration and those for a defined duration.  59 Va. App. at 182 n.1, 717 S.E.2d at 810 n.1.  An award for an undefined duration requires that the circuit court identify the subsection (E) factors supporting the award and explain the resolution of significant factual disputes.  Id. at 182, 717 S.E.2d at 810.  This Court noted, however, that for a spousal support award for a *defined* duration, "the trial court's findings must go further."  Id. at 182 n.1, 717 S.E.2d at 810 n.1.  As this opinion makes clear, an award for a defined duration requires written findings identifying "the basis for the nature, amount, and duration of the award."  Code § 20-107.1(F).

- 5 -

§ 20-107.1(F). Thus, the plain language of the statute, read as a whole, imposes upon the circuit court two requirements regarding spousal support awarded for a defined duration. If, as the husband argues, providing written findings merely considering the factors enumerated in subsection (E) were sufficient to meet this requirement without providing a nexus to the nature and duration of the award, the second sentence in the subsection would be unnecessary and duplicative of the first sentence. Such an interpretation would violate the canon of construction that "courts give full force and effect to every word" of the statute. See Foote, 11 Va. App. at 65, 396 S.E.2d at 854.

The statute's requirement that the written findings include the basis for an award of defined duration serves a practical purpose in the event of future litigation. If a party petitions for a spousal support award modification based on a change of circumstances or petitions for an additional award of spousal support at the end of a defined duration, the circuit court's determination will be aided by the previous identification of the basis for the nature, amount, and duration of the original reward.[5] Cf. Herring v. Herring, 33 Va. App. 281, 288-89, 532 S.E.2d 923, 927 (2000) (noting that an inadequate explanation of a child support award would "handicap a court overseeing future modification proceedings because that court would have an insufficient understanding of the manner in which the existing award was set and the extent to which a change in circumstances might warrant a change in the amount of support");

_____

[5] For example,

> rehabilitative alimony is often based upon a finding that a specific future increase in the recipient's income is reasonably likely. If the court does not state the basis for that assumption on the record, the appellate courts cannot review the correctness of the assumption, and there is no way to test whether future circumstances have made the assumption inaccurate.

Family Law Section, Va. State Bar, Rehabilitative Alimony & the Reservation of Spousal Support in Divorce Proceedings, H. Doc. No. 55 at 15 (1997) (defining rehabilitative alimony as ending "after a specified period of time or upon the occurrence of a specified event").

Foster-Gross v. Puente, 656 A.2d 733, 737 (D.C. 1995) (noting that one purpose of the rule requiring "written findings of fact and conclusions in cases involving custody and support . . . is 'to prevent the relitigation of facts and issues in the future'" (quoting Tennyson v. Tennyson, 381 A.2d 264, 267 (D.C. 1977))).

In sum, Code § 20-107.1(F) required the circuit court to provide written findings both specifying factors under subsection (E) relevant to the award and identifying "the basis for the nature, amount, and duration of the award." The circuit court adequately provided findings specifying the factors under subsection (E). However, neither the final decree nor any ruling from the bench connected the factual findings to the limited duration of the award. Compare Pilati, 59 Va. App. at 183, 717 S.E.2d at 810 (holding that the circuit court's two findings of fact did not adequately explain its spousal support award), with Bruemmer v. Bruemmer, 46 Va. App. 205, 210, 616 S.E.2d 740, 742 (2005) (noting that the circuit court "detailed the circumstances supporting its decision as to the initial amount, decreasing amounts, and duration of spousal support"), and Torian v. Torian, 38 Va. App. 167, 184, 562 S.E.2d 355, 364 (2002) (affirming the spousal support award for a defined duration where the trial court explained that the award would provide the wife income until she qualified to draw her pension benefits). Thus, under the plain language of the statute, the circuit court erred by failing to provide any rationale accompanying the final order that "identif[ied] the basis for the nature, amount and duration of the award."

The wife argues that regardless of whether the circuit court made findings sufficient to comply with Code § 20-107.1(F), this Court should remand with instructions to award her spousal support on a permanent basis. She essentially suggests that the record cannot support the five-year limitation. Although this Court reviews an award of spousal support for an abuse of

discretion, <u>Fox v. Fox</u>, 61 Va. App. 185, 203, 734 S.E.2d 662, 671 (2012), we cannot identify the basis for the nature and duration of the award without usurping the circuit court's statutory duty.

> In short, "where a trial court is required to make written findings supporting its decision, its failure to do so constitutes reversible error." <u>Robinson v. Robinson</u>, 50 Va. App. 189, 194, 648 S.E.2d 314, 316 (2007). When this occurs, we "remand this matter to the trial court with instructions to provide an explanation in compliance with the statute." <u>Kane [v. Szymczak]</u>, 41 Va. App. [365,] 376, 585 S.E.2d [349,] 355 [(2003)]. This remedy precisely reflects the nature of the trial court's error. We do not address, much less hold, that the support award should not have been made at all or that the amount of the award was too high or too low. . . . The error we reverse is not the fact or the amount of the award, but the absence of a sufficient explanation accompanying it.

<u>Pilati</u>, 59 Va. App. at 184-85, 717 S.E.2d at 811. This logic applies equally to the situation here involving the defined duration of the spousal support award.

Based upon the failure to provide written findings identifying the basis for the duration of the award pursuant to Code § 20-107.1(F), we reverse the award and remand the case to the circuit court for it to make additional findings in compliance with the statute. These findings must be based on the record and must explain the basis for the five-year duration. In doing so, the circuit court, if necessary, may reconsider the duration of the award in a manner consistent with the requirements of the statute. <u>See, e.g.</u>, <u>Benzine v. Benzine</u>, 52 Va. App. 256, 261, 663 S.E.2d 105, 108 (2008) (reversing based on the lack of written findings as required by Code § 20-107.1(F) and remanding "for reconsideration of the spousal support issue based on the existing record").

### B. Attorneys' Fees and Costs

Both parties ask for an award of attorneys' fees and costs associated with this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine

whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  The wife's appeal was not frivolous and addressed "appropriate and substantial issues."  See Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004).  Consequently, we do not award the husband fees or costs.  Further, the errors requiring appeal were not the fault of the husband, and the record contains no indication that he "generated unnecessary delay or expense in pursuit of [his] interest."  Id.  Thus, we do not award the wife fees or costs.

### III.  CONCLUSION

We hold that the trial court erred by failing to make written findings identifying the basis for the nature, amount, and duration of the defined duration award, as required by Code § 20-107.1(F).  In light of this holding, we do not reach the other assignments of error raised by the wife.  Further, we deny the parties' requests for attorneys' fees and costs.  Consistent with this opinion, we reverse and remand for further proceedings in order for the circuit court to provide additional findings based on the existing record in compliance with the statute.

Reversed and remanded.