## CIRCUIT COURT OF HENRICO COUNTY

T. Johnson Childress, III

v.

Constance B. Childress

July 3, 2014

Case No. 13-2499

By Judge Catherine C. Hammond

This matter is before the Court on Mr. Childress' motion to terminate or reduce spousal support. This Court heard the evidence on June 16, 2014.

The parties divorced in 2005. In the division of marital property each spouse obtained about $860,000. Spousal support was contested. The evidentiary hearing under Virginia Code § 20-107.1 established that husband's income from employment with Markel Corporation was $14,000 per month and that wife needed support. Mr. Childress was ordered to pay $4,000 per month as spousal support for an indefinite period.

At present both parties are unemployed. Ms. Childress has not been employed for many years. Mr. Childress' employment with Markel ended in January 2013. His severance pay ended in January 2014. Today Ms. Childress has about $775,000 in assets while Mr. Childress has over $2 million.

Virginia Code § 20-109(A) provides that, "[u]pon petition of either party, the court may increase, decrease, or terminate the amount or duration of any spousal support . . . as the circumstances may make proper." Mr. Childress has the burden to prove a material change in circumstances that warrants modification of support. *Furr v. Furr*, 13 Va. App. 479, 481 (1992). The material change in circumstances, which must be proved by a preponderance of the evidence, can include a change in employment. *Reece v. Reece*, 22 Va. App. 368, 373 (1996). A modification is warranted when it "bears upon" the payor's ability to pay or the payee's financial need.

*Driscoll v. Hunter*, 59 Va. App. 22, 33 (2011) (citing *Moreno v. Moreno*, 24 Va. App. 190, 195 (1997)).

The evidence showed that Mr. Childress' loss of employment was involuntary and is a material change in circumstances. Ms. Childress argues that, even if there is a material change, it does not warrant modification of support because, first, Mr. Childress has the training, education, and experience to obtain comparable available employment, and, second, Mr. Childress has the ability to pay the support from sources other than wages.

Two expert witnesses testified about Mr. Childress' employment search over the past year. Both used sound reasoning. The expert testimony was inconclusive as to whether Mr. Childress could have or should have obtained a position by now.

The parties sharply disagree on the effect of Mr. Childress' lack of income from employment or how it "bears upon" his ability to pay. Mr. Childress relies on *Zipf v. Zipf*, 8 Va. App. 387 (1989), and similar cases to argue that it is unfair to require him to invade his principal assets or retirement savings to pay support. Ms. Childress relies on *Driscoll v. Hunter* to argue that spousal support does not have to be paid from work-related income.

In *Driscoll*, the husband moved to reduce support when he retired two years after the divorce. At the time of the motion, he had $1.37 million in retirement savings plus $1.39 million in other assets. The Circuit Court denied the motion. The Court of Appeals held that ability to pay can be based upon the ability "to draw from other sources, such as the principal of investment or savings accounts . . . ." 59 Va. App. at 34.

In *Driscoll*, the Court referred to Va. Code § 20-109(B) as the "default arrangement" for analyzing modification cases where no agreement exists and suggested that the trial court "must" weigh the factors in § 20-107.1 after a material change of circumstances is established. 59 Va. App. at 29-30. However, this is open to argument. First, the text of § 20-109(B) specifically directs the court to weigh the factors in § 20-107.1(E), but § 20-109(A) is silent with respect to the factors. In the case at bar, the divorce decree did not order spousal support for a defined duration. Indefinite awards are the default arrangement where there is no particular reason to limit the duration, as the parties can always seek modification when unforeseen changes occur. *See* § 20-107.1(F); *Cleary v. Cleary*, 63 Va. App. 364 (2014) (holding that the Circuit Court must give reasons for limiting the duration of spousal support, while no reasons must be given for not limiting the duration). Second, while *Driscoll* states in *dicta* that the factors have to be weighed for modification of awards, other cases are in conflict. *See Allison v. Allison*, 1996 Va. App. LEXIS 271, *2 (Apr. 16, 1996) (holding that consideration of the factors in Va. Code § 20-107.1 is not required when the judge rules upon a motion to reduce the indefinite award of spousal support); *but see McClure v. McClure*, 2006 Va. App. LEXIS 294, *8 (July 5, 2006); *Kantor v. Kantor*, 2006 Va. App. LEXIS 62, *8

(Feb. 14, 2006) (holding that consideration of each of the factors in § 20-107.1 is required in determining whether to modify a spousal support award of undefined duration).

*Driscoll* is controlling authority. The only real distinction is that Dr. Driscoll had more money than does Mr. Childress. But, in either case, there is the ability to pay support from sources other than income from employment. Relevant factors in Va. Code § 20-107.1(E) are the financial resources of the parties and their earning capacity. Mr. Childress has more of both.

The motion to terminate or reduce spousal support is denied. Ms. Childress' application for attorney's fees is granted, in part, as she had to defend the claim which appears to be controlled by *Driscoll v. Hunter*, and Mr. Childress should pay $7,000 of her fees. Ms. Childress' remaining fees are more related to a dispute about the Husband's job loss and job search, and Mr. Childress established the material change.