UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:  Judges AtLee, Malveaux and Senior Judge Annunziata
Argued at Fredericksburg, Virginia


BRYANT JAMES HATCHER

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1145-16-4                        JUDGE RICHARD Y. ATLEE, JR.
                                                        SEPTEMBER 5, 2017
RENEE MATTHEWS


             FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                          Jeanette A. Irby, Judge

              John L. Bauserman, Jr., for appellant.

              No brief or argument for appellee.


        Appellant Bryant Hatcher ("father") filed a motion to modify child support.  He now

appeals the ruling on that motion, and raises seven assignments of error[1]:

    1.  The trial court improperly calculated child support when it
        failed to set forth the basis of its factual findings used to
        determine the presumptive child support amount, in violation
        of Code §§ 20-108.1 and 20-108.2; and failed to use father's
        actual income to calculate the presumptive child support
        amount under the child support guidelines before next imputing
        income to him of $9,583 per month, in violation of Code
        §§ 20-108.1 and 20-108.2.

    2.  The trial court ignored the evidence regarding father's present
        income, without stating a basis for doing so, in violation of
        Code §§ 20-108 and 20-108.2(A).

    3.  The trial court failed to make detailed written findings, as
        required by Code §§ 20-108 and 20-108.2(A), to explain its
        deviation from the presumptive child support amount and
        further failed to support its basis for doing so by reference to
        the record.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We have re-written the assignments of error in the interest of brevity and clarity.

4. The trial court failed to calculate child support based upon shared custody and instead based its calculation upon sole custody. The trial court failed to credit father's testimony as to the number of custodial days he exercised.

5. The trial court failed to give father the statutorily-required deduction for support of his minor child living with him, as required by Code § 20-108.2(C)(4).

6. The trial court imputed income of $7,500 per month to father in its letter opinion, but erroneously used the figure $9,583 per month in its child support guidelines worksheet calculation.

7. The trial court failed to give father the statutorily-required deduction for one-half of his self-employment tax, as required by Code § 20-108.2(C)(4)(ii).

For the reasons that follow, we affirm in part, and reverse and remand in part.

## I. BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). So viewed, the evidence showed that father and Renee Matthews ("mother") have a daughter and twin sons in common. In 2009, the Fairfax County Circuit Court entered a child support order requiring father to pay $1,119 monthly to mother for support of the three children. That award was calculated using the "Schedule of Monthly Basic Child Support Obligations" ("the guidelines") contained in Code § 20-108.2(B). In calculating the support amount under the guidelines, the Fairfax County Circuit Court found father's monthly income to be $7,500. The matter was later transferred to the Loudoun County Juvenile and Domestic Relations District Court ("the J&DR court").

In 2015, father moved the J&DR court to modify his child support obligation. In support of his motion, father asserted that the parties' daughter had reached the age of majority and

- 2 -

graduated from high school.[2]  He also alleged that his income had decreased and that he was paying court-ordered child support for another child.  The J&DR court granted father's motion and decreased the child support award slightly.

Father appealed to the Loudoun County Circuit Court ("the trial court").  In January 2016, at the hearing on father's motion, the trial court heard testimony and admitted exhibits.[3]  Father testified that he lived in Loudoun County with his new wife and their minor daughter, M.H.  He had another minor daughter, B.H., who did not live with him.  B.H. lived with her mother, to whom father paid $475 in monthly court-ordered child support.

Father testified that he had three children in common with mother:  a daughter who had turned eighteen and graduated from high school, and fifteen-year-old twin sons who lived with mother in North Carolina.  Mother and father shared joint legal custody of their sons, but mother had primary physical custody.  A North Carolina court order governed custody and visitation.  According to father, "he exercised his court[-]ordered visitation regularly and consistently with the twins," though "[o]n cross[-]examination [he] admitted that he did not exercise all his visitation pursuant to the Order."  Father testified that, according to the North Carolina order, "in even years he has at least one hundred and two and one-half days (102.5 days) of parenting time with his sons and that in odd years he has at least ninety-seven and one half days (97.5 days) of parenting time, for an average of at least 100 days per year."  The trial court also admitted, as a demonstrative exhibit, a 2016 calendar upon which father had handwritten the days he expected to exercise his visitation with his sons.

_____

[2] By the terms of the 2009 child support order, and in accordance with Code § 20-124.2(C), this meant that father no longer had a legal duty to support his daughter.

[3] The summary that follows is based on the "Written Statement in Lieu of Transcript," endorsed by the trial court pursuant to Rule 5A:8(c).

Regarding his income, father testified that he was self-employed, with an income of $2,800 per month from contract work he performed as an information technology service provider. The trial court admitted copies of five check stubs, each showing that "Independence Therapy Services, LLC" wrote a $1,400 check to father. The check stubs were dated September 15, 2015; September 30, 2015; December 15, 2015; December 31, 2015; and January 15, 2016. According to father,

> his income had decreased significantly prior to the filing of his motion for modification, in part because he could not continue in his most recent prior job when his security clearance was not renewed, because of foreclosure. [F]ather testified that he also had filed for bankruptcy previously and been granted an order of discharge.

On cross-examination, mother impeached father, who "admitted that he was sanctioned by the Commonwealth of Virginia for failing to accurately disclose his income." Over father's relevancy objection, the trial court admitted an order of the Fairfax County Circuit Court from prior litigation between mother and father. That order, dated October 10, 2008, read in part:

> Husband did not disclose income to the Cou[rt] on August 8, 2008, and the following sanction is imposed: a judgment is awarded against Husband and in favor of Wife in the sum of THREE THOUSAND FIVE HUNDRED and 00/100 dollars ($3,500) payable in full within 120 days of this Order.

The trial court issued its ruling in this case via a letter opinion. That letter opinion read, in part:

> In order for the Court to grant a modification of child support the moving party must demonstrate that there has been a change of circumstances since the entry of the last order. One of the parties' children has reached the age of 18 and [father] no longer has the duty to support that child. However, when one seeks a modification with respect to support there must also be a full and clear disclosure related to the ability to pay support.
>
> [Father] presented limited and less than credible evidence with respect to his current income. . . . Father testified that he lost his job because of financial difficulties related to his home going

- 4 -

into foreclosure. According to [father]'s testimony the foreclosure resulted in the loss of his security clearance which then resulted in a loss of his employment. Further, [father] presented no evidence as to his present living expenses or arrangements. [Father] presented no evidence of any efforts made with respect to finding comparable employment; no evidence of income earned the previous years (W-2 or tax returns), bank statements or financial records. The only evidence that [father] produced were two invoices as an independent contractor for a current client.

[Father] also indicated that he was responsible for the support of other additional younger children and argues that he be given full credit for the support of "other" children. If the Court granted [father]'s request the 2 children subject to this order would receive almost no support which is certainly not in the best interest of the children and would create a substantial hardship for the children who are the recipients of the current support order.

The Court has determined that it is appropriate to impute income to [father] in the amount of 7500.00 per month. The plaintiff (Mother) has an income of 8125.00 per month. The court did consider an adjustment for the support of other child (ren) of 475.00 per month. . . .

In consideration of the unreliability of [father]'s evidence, the best interest of the remaining children of the parties, and in accordance with the guidelines the Court awards to the Mother 1271.00 per month in child support payable by [father]. . . . The guidelines were calculated with the Mother having sole custody. Again, the Father's assertions as to visitation were not credible. The guidelines have been attached for reference, see Exhibit 1.

The trial court attached a "Child Support Guideline Worksheet,"[4] showing the numbers it used to calculate father's child support obligation under the guidelines. The trial court used the sole custody worksheet, as opposed to the shared custody worksheet.[5] On this worksheet, contrary to the income determinations announced in its letter opinion, the trial court listed father's monthly

---

[4] The worksheet appears to be a spreadsheet that calculates the appropriate support amount pursuant to the guidelines after numbers are inputted into the worksheet.

[5] The trial court also attached a second worksheet entitled "Shared Custody Support Guideli[nes] Worksheeet." The trial court used the same incomes for the parties on this worksheet as it used on the sole custody worksheet, and determined that father would owe mother $987 per month in child support under this calculation.

- 5 -

income as $9,583 and mother's as $7,750. After various adjustments, including a deduction of $475 from father's monthly income for the "Support of 'Other Children,'" and a credit of $160 to mother for medical insurance, the result of the guidelines calculation was that father owed mother $1,271 in child support per month. The trial court awarded this amount in its letter opinion.

Finally, the trial court entered a "Child Support Order" that required father to pay mother $1,271 per month in child support. That order also stated that "[t]he child support ordered herein was determined by this Court as the presumptive amount [of] child support as set forth in the statutory guideline of [Code] § 20-108.1 and § 20-108.2, based upon the evidence presented to and as found by this Court." (Emphasis omitted). Father filed extensive objections to the trial court's decision, and ultimately appealed to this Court.

## II. ANALYSIS

Code § 20-108 governs a trial court's authority to amend a past order of child support. It states, in part, that a court may "revise and alter such [prior] decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." Before a trial court may act pursuant to Code § 20-108, the "party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement." Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 118-19 (1991).

Code § 20-108.1(B) addresses how child support proceedings occur, and states, in part:

> In any proceeding on the issue of determining child support under this title . . . , the court shall consider all evidence presented relevant to any issues joined in that proceeding. The court's decision in any such proceeding shall be rendered upon the evidence relevant to each individual case. However, there shall be a rebuttable presumption in any judicial . . . proceeding for child

support . . . that the amount of the award that would result from the application of the guidelines set out in [Code] § 20-108.2 is the correct amount of child support to be awarded. . . .

In order to rebut the presumption, the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case. The finding that rebuts the guidelines shall state the amount of support that would have been required under the guidelines, shall give a justification of why the order varies from the guidelines, and shall be determined by relevant evidence pertaining to the following factors affecting the obligation, the ability of each party to provide child support, and the best interests of the child: . . . .

Among the factors the statute then lists is "[i]mputed income to a party who is voluntarily unemployed or voluntarily under-employed." Code § 20-108.1(B)(3). The code section containing the child support guidelines themselves, § 20-108.2, uses language similar to that in Code § 20-108.1(B) addressing the rebuttable presumption of correctness of the child support guidelines amount, and the mechanism for overcoming that presumption.

A. Assignments 1, 2, 3, and 6: Father's Income

We analyze assignments of error one, two, three, and six together, because they are interconnected. In these overlapping assignments of error, father's argument is as follows. The trial court erred when it did not credit and accept father's evidence about his current income, and when it did not explain its decision not to credit and accept that evidence. Father's evidence established that his monthly income was $2,800, and by imputing a higher income to father and using that higher income to calculate the guidelines support amount, the trial court deviated from the presumption. The trial court then failed to explain that deviation with the required written findings and references to the record. Finally, the trial court compounded its errors by erroneously using $9,583 as father's monthly income, rather than $7,500, when calculating the guidelines support amount.

- 7 -

The standard of review for these four assignments of error varies. "The issue of a party's income is a question of fact that we will not disturb unless it is plainly wrong or without evidence to support it." Milam v. Milam, 65 Va. App. 439, 462, 778 S.E.2d 535, 546 (2015). However, "[i]nterpreting a statute is a pure question of law that the Court reviews *de novo*." Cleary v. Cleary, 63 Va. App. 364, 369, 757 S.E.2d 588, 590 (2014).

Underlying father's argument that the trial court "fail[ed] to make use of [father]'s actual income to calculate the presumptive support guidelines" is his mistaken assumption that the trial court was required to accept his evidence that his monthly income was $2,800 per month, and must calculate the presumptive child support amount using that income. When determining the presumptive child support amount, the trial court was not required to accept evidence it did not find credible. Father concedes that this Court views deferentially a trial court's decision on matters of evidentiary sufficiency, but argues that "[a] trial court's conclusion based on undisputed evidence . . . does not have the same binding weight on appeal." (Emphasis omitted). We do not find that father presented "undisputed" evidence.

At the hearing, father "admitted that he was sanctioned by the Commonwealth of Virginia for failing to accurately disclose his income." The trial court admitted and considered the 2008 order of the Fairfax County Circuit Court memorializing and imposing that sanction. In its letter opinion, the trial court observed that father "presented limited and less than credible evidence with respect to his current income." It pointed out that father "presented no evidence as to his present living expenses or arrangements," showed "no evidence of any efforts made with respect to finding comparable employment," and introduced "no evidence of income earned the previous years (W-2 or tax returns), bank statements or financial records." Given these deficiencies in father's evidence, the trial court refused to find that father's monthly income was $2,800.

"[W]e defer, as always, to the trial court's credibility determinations." Virostko v. Virostko, 59 Va. App. 816, 826, 722 S.E.2d 678, 683 (2012). Father alleges that the trial court ignored the evidence regarding father's present income and that the trial court stated no basis for doing so, in violation of Code §§ 20-108.2(A) and 20-108. The trial court's decision not to credit father's evidence as to his current income does not mean that the trial court ignored such evidence. The trial court's discussion of the shortcomings of father's evidence and his lack of credibility show that the trial court was aware of his evidence. A trial court is not required to make explicit findings as to why it does not find a witness credible. Father's counsel acknowledged as much at oral argument. See Oral Argument Audio at 7:04 to 7:16 (June 30, 2017) ("[I]f there's any, even a scintilla of evidence in the record, for the court to find . . . somebody's testimony not credible, the court could rely upon that without explaining it. I do so concede.").

Father argues that Code §§ 20-108.1 and 20-108.2 required the trial court "to set forth the basis of its findings of facts that were used to determine the presumptive child support calculations." These code sections contain no such requirement. Rather, written findings of fact are only mandatory when a court decides *not* to order the presumptive amount of child support pursuant to the guidelines, and instead deviates from that presumption. Code §§ 20-108.1(B); 20-108.2(A). Here, "because the trial court chose not to deviate from the presumptive amount of child support, no findings of fact were necessary." Smith v. Smith, 18 Va. App. 427, 435, 444 S.E.2d 269, 275 (1994).

There was a change in circumstances here, because father now owed a duty to support only two children, rather than three, as the existing Fairfax County Circuit Court order stated. Such a change in circumstances necessitated recalculation of support under the guidelines. However, father was still required to convince the trial court that his income had decreased if he

wished the trial court to recalculate child support using a lower income amount. In 2009 when the Circuit Court of Fairfax County calculated child support under the guidelines, it used $7,500 as father's income. Although the trial court, in its letter opinion in this case, stated that it was imputing income to father of $7,500 per month, the evidence clearly shows that the trial court was simply defaulting to father's most recent judicially-determined monthly income, in the absence of sufficient credible evidence of a change in that income. Thus the trial court used $7,500 as father's actual monthly income when calculating the presumptive child support owed pursuant to the guidelines. There was no deviation following the calculation of this presumptive amount, so the trial court was not required to make factual findings.

As to father's argument that the trial court erred when it used a monthly income figure of $9,583 instead of $7,500 to calculate the child support amount under the guidelines, we agree. Because there is no way to reconcile the trial court's use of different figures in the letter opinion and guidelines calculation, we reverse the circuit court's finding as to the guidelines calculation. We remand for the circuit court to correct this error by recalculating the guidelines support amount using figures consistent with the findings expressed in its letter opinion.

B. Assignment of Error 4: Sole Custody vs. Shared Custody

In his fourth assignment of error, father alleges that the trial court failed to calculate child support based upon shared custody and instead based its calculation upon sole custody. He asserts that the trial court failed to credit his testimony as to the number of custodial days he exercised.[6] "The determination of child support is a matter of discretion for the circuit court, and

---

[6] The Code provides the mechanism for calculating the precise obligation parents have to support their children financially. First, a court uses the guidelines to arrive at a "monthly basic child support obligation." This number is then subject to a final adjustment depending upon whether custody is "sole," "split," or "shared." The three species of custody apply different mathematical ratios to the monthly basic child support obligation. See Code § 20-108.2(G)(1) (sole custody); 20-108.2(G)(2) (split custody); 20-108.2(G)(3) (shared custody support).

therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence." Oley v. Branch, 63 Va. App. 681, 699, 762 S.E.2d 790, 799 (2014). Part of the determination of child support is deciding whether custody is sole, split, or shared. Therefore, we review for plain error the trial court's decision to calculate child support based upon sole custody.

Pursuant to Code § 20-108.2(G)(3)(a),

> [w]here a party has custody or visitation of a child or children for more than 90 days of the year, . . . a shared custody child support amount based on the ratio in which the parents share the custody and visitation of any child or children shall be calculated in accordance with this subdivision.

Father argues that the trial court should have calculated his child support obligation using the shared custody formula, because father's evidence showed he had custody or visitation of his sons for more than ninety days per year. The trial court explicitly found that father's testimony about how many visitation days he exercised was not credible. In its opinion letter, the trial court said: "The guidelines were calculated with the Mother having sole custody. Again, the Father's assertions as to visitation were not credible."

As we observed above, "we defer, as always, to the trial court's credibility determinations." Virostko, 59 Va. App. at 826, 722 S.E.2d at 683. A court is not required to explain or justify such a credibility determination. Father argues that other than one visit he admitted missing, his testimony on the issue of how many days he had his children was "otherwise un-contradicted and not inherently incredible." We agree that "[t]he trier of fact . . . 'may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record.'" Hankerson v. Moody, 229 Va. 270, 274, 329 S.E.2d 791, 794 (1985) (quoting Cheatham v. Gregory, 227 Va. 1, 4, 313 S.E.2d 368, 370 (1984)). Here, however, contrary to father's argument, his testimony was not

unimpeached. The trial court found that he had not exercised all of his visitation, and further found specifically that his assertions related to this issue "were not credible."

Father assigns error to the trial court's failure "to credit unrebutted, not otherwise incredible testimony from [father]," but does not assign error to the trial court's failure to consider his exhibits. He mentions those exhibits in his argument, however, so we address them briefly. Father introduced a copy of the North Carolina order into evidence. However, this order merely delineates the maximum visitation to which father was entitled. It is not evidence of the extent to which he has exercised that visitation. The trial court also admitted an exhibit from father consisting of a handwritten 2016 calendar, showing the dates father expected to exercise his visitation rights. Because the hearing in front of the trial court occurred in January of 2016, however, the majority of this exhibit was prospective. It was not evidence of what visitation father had exercised in the past; rather, it showed what he hoped to exercise in the future.

Given the shortcomings of father's evidence, his lack of credibility in the eyes of the trial court, and the standard by which we view the evidence on appeal, the trial court's decision to calculate child support based upon sole custody was not plainly wrong and did have evidence to support it.

### C. Assignments of Error 5 and 7: Deductions

In his fifth and seventh assignments of error, father alleges that the trial court failed to give him statutorily-required deductions for his minor child living with him and for one-half of his self-employment tax. Neither of these assignments of error has merit. Portions of our analysis of these two assignments of error require us to interpret the Code. In doing so, we use a *de novo* standard of review. Cleary, 63 Va. App. at 369, 757 S.E.2d at 590. We defer to the trial court's determinations of witness credibility, Virostko, 59 Va. App. at 826, 722 S.E.2d at 683, and we view the facts in the light most favorable to mother, the prevailing party below,

Congdon, 40 Va. App. at 258, 578 S.E.2d at 835.  More broadly, we reiterate that "[t]he determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence."  Oley, 63 Va. App. at 699, 762 S.E.2d at 799.

### 1.  Self-Employment Tax

Code § 20-108.2(C)(4) says that "[f]or purposes of this subsection:  . . . (ii) one-half of any self-employment tax paid shall be deducted from gross income."  However, the court wrote in its letter opinion that father "presented limited and less than credible evidence with respect to his current income."  We defer to that factual determination and credibility assessment.  The circuit court simply did not believe father's testimony regarding his income.  See supra, Part II.A.  Given that the trial court did not credit father's testimony about his income, it was not an abuse of discretion to deny father's requested deduction for self-employment taxes he claimed to owe.

### 2.  Child Living with Father

As for father's other children, the trial court wrote in its letter opinion that it "did consider an adjustment for the support of other child (ren) of 475.00 per month."  That corresponds to the amount father was currently court-ordered to pay for the support of his child, B.H.  The trial court did not specifically order a deduction from father's income for his child with his new wife.  Code § 20-108.2(C)(4) says, in part:

> Where a party to the proceeding has a . . . child . . . in the party's household . . . , and the child . . . [is] not the subject of the present proceeding, there is a presumption that there shall be deducted from the gross income of that party the amount as shown on the Schedule of Monthly Basic Child Support Obligations contained in subsection B that represents that party's support obligation based solely on that party's income as being the total income available for the . . . child . . . in the party's household . . . , who [is] not the subject of the present proceeding.

- 13 -

In this case, as the trial court explained in its letter opinion, the presumption was overcome, because of the effect enforcing the presumption would have on the children subject to this proceeding. The trial court's determination that the presumption was overcome was a factual finding. "When the court hears the evidence *ore tenus*, its findings are entitled to the weight accorded a jury verdict, and they will not be disturbed on appeal unless they are plainly wrong or without evidence to support them." Bailes v. Sours, 231 Va. 96, 100, 340 S.E.2d 824, 827 (1986). The trial court adequately explained this finding, and its conclusion was neither plainly wrong nor without evidentiary support.

### III. CONCLUSION

We reverse and remand for recalculation of father's support obligations under the guidelines. We instruct the trial court to use figures consistent with the findings expressed in its opinion letter, and not inconsistent with this opinion. In all other respects, we affirm.

Affirmed in part, reversed and remanded in part.