COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Decker, Judges Humphreys and O'Brien
Argued by videoconference


RAYMOND F. KUZEMCHAK

                                              MEMORANDUM OPINION* BY
v.         Record No. 0230-21-2            JUDGE MARY GRACE O'BRIEN
                                                 OCTOBER 26, 2021

ELLEN L. KUZEMCHAK


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Lee A. Harris, Jr., Judge[1]

            Jessica C. Boutwell (Stiles Ewing Powers, on brief), for appellant.

            Eileen McNeil Newkirk (The McNeil Law Group, on brief), for
            appellee.


        Raymond F. Kuzemchak ("husband") appeals the denial of his motion to terminate spousal

support to his former wife, Ellen L. Kuzemchak ("wife").  He argues that the court erred by failing

to make the written findings required by Code § 20-109(G).  He also contends that the court abused

its discretion by failing to give the appropriate weight to the factors contained in Code § 20-109(F).

Because we find that husband waived his assignments of error, we affirm the judgment of the trial

court.

        The parties married in August 1979 and divorced in November 2013.  The final decree

incorporated their property settlement agreement requiring husband to pay monthly spousal support

of $3,250 and twenty-five percent of the commissions he received through his employment.  The

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The Honorable Lee A. Harris, Jr., entered the final order.  The Honorable James S. Yoffy
presided over the proceedings addressed in this opinion.

agreement provided that the support was modifiable. In June 2020, husband moved to amend or terminate spousal support based on a material change in circumstances.

At a January 4, 2021 hearing, husband testified that he turned sixty-six on May 1, 2020, and his employer notified him on June 17 that he would be laid off due to a company-wide workforce reduction. Husband stated that he was unsuccessful in obtaining other employment within his company and, based on his age, he did not search elsewhere. His July 15 final paycheck included his severance package of approximately $34,000. Although his spousal support was in arrears, husband used that money to pay a special assessment on a home titled in the name of his current wife and her mother.

At the time of the hearing, husband was paying all expenses for that home, despite having no ownership interest in it. He was receiving $3,043 per month in Social Security benefits, and his checking account had a balance of $16,796. Husband also had an IRA and two annuities, but he was not taking any income distributions from those investment accounts.

Wife testified that she had no plans to retire. Aside from spousal support, her monthly income consisted of $1,557 from a part time job and $1,407 in Social Security benefits. Wife's assets included an annuity and various checking accounts that contained money from the divorce settlement and spousal support.

Husband asked the court to terminate his spousal support obligation. Wife requested that the court reduce husband's monthly obligation to $2,000. The court found that husband's retirement was not voluntary and constituted a change in circumstance. The court further stated,

> What is voluntary is his decision not to seek employment. At [sixty-six], he still can seek employment. He's in relatively good health. But that's his decision. He has the ability to pay, based on his retirement, his annuities, his Social Security.
>
> On the other hand, [wife], frankly, you know, [I] can appreciate the fact that you like to donate to your church. I think that's noteworthy.

- 2 -

And I congratulate that. I think it's a great thing to do. But [husband] shouldn't have to fund that. And that's partially what you're asking him to do.

I can't fault [wife] for spending money for a hobby, because you have to do something other than work. And in today's times, you can't go out. You need something to do other than your work.

So, taking into consideration [Code §] 20-107.1 and to a lesser extent Driscoll [v. Hunter, 59 Va. App. 22 (2011)], when I consider all of those factors, the standard of living, duration of the marriage, the age, physical and mental capacity, all — all of those things, I find that I'm going to award [wife] a spousal support in the amount of $1,250 . . . a month.

The court ordered husband's counsel to prepare the order.

Before concluding the hearing, the court had the following exchange with husband's counsel:

[COUNSEL]: Just, I would like to clarify, very briefly, for the record, whether the [c]ourt also considered the factors in [Code §] 20-109?

THE COURT: Yes. I'm sorry.

[COUNSEL]: Thank you.

THE COURT: I didn't mention that. Do you want me to go through it?

[COUNSEL]: No.

THE COURT: Okay. . . . [Y]ou're right, I didn't mention it. All right. Thank you. [Husband's counsel], do the order, please.

On February 22, 2021, the court entered the order prepared by husband's counsel, which contained the following language: "And the [c]ourt, having considered the factors set forth in [Code §§] 20-109 and 20-107.1 . . . ."

ANALYSIS

Husband contends that the court "made an error of law in failing to make written findings and conclusions, as required by [Code] § 20-109(G)." He also contends that the court failed to "consider or give appropriate weight to the factors set forth in [Code] § 20-109(F)" after it found that husband had attained full retirement age.

When reviewing the amount of a spousal support award, we accord great deference to the discretion of the court. See Nielsen v. Nielsen, 73 Va. App. 370, 390 (2021). A court's spousal support decision "will not be disturbed except for a clear abuse of discretion." Id. (quoting Robinson v. Robinson, 50 Va. App. 189, 194 (2007)).

However, "[a] trial court abuses its discretion as a matter of law when it fails to adhere to statutory requirements." Benzine v. Benzine, 52 Va. App. 256, 260 (2008). "[W]here a trial court is required to make written findings supporting its decision, its failure to do so constitutes reversible error." Robinson, 50 Va. App. at 194 (reversing initial spousal support award for court's failure to include in divorce decree any findings or conclusions identifying the factors in analogous Code § 20-107.1(E)).

Code § 20-109 addresses amending or terminating spousal support. The statute provides that, for purposes of modification, "the payor spouse's attainment of full retirement age shall be considered a material change in circumstances." Code § 20-109(E). When determining if a support modification is appropriate in that situation, the court "may consider" the factors of Code § 20-107.1(E) (the factors taken into account when making an initial spousal support award), but

"shall" consider additional factors enumerated in Code § 20-109(F) (specifically addressing payor reaching retirement age). Code § 20-109(F).[2]

In both circumstances, the court is required to provide "written findings and conclusions . . . identifying the factors . . . that support the court's order." Code § 20-109(G). See Cleary v. Cleary, 63 Va. App. 364, 373 (2014) (reversing the court for failing to provide written findings specifying the factors relevant to a spousal support award and identifying the basis for the duration of the award as required by Code § 20-107.1(F)).

In the written findings, the court is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Pilati v. Pilati, 59 Va. App. 176, 183 (2011) (quoting Duva v. Duva, 55 Va. App. 286, 300 (2009)). Further, "[t]he written explanation requirement can be satisfied by trial court orders, written letter opinions filed in the court's record, [and] oral rulings 'from the bench' recorded in a written transcript." Cleary, 63 Va. App. at 368 n.2 (first alteration in original) (quoting Pilati, 59 Va. App. at 182).

---

[2] Code § 20-109(F) provides that the court "shall consider the following factors."

1. Whether retirement was contemplated by the court and specifically considered by the court when the spousal support was awarded;

2. Whether the retirement is mandatory or voluntary, and the terms and conditions related to such retirement;

3. Whether the retirement would result in a change in the income of either the payor or the payee spouse;

4. The age and health of the parties;

5. The duration and amount of spousal support already paid; and

6. The assets or property interest of each of the parties during the period from the date of the support order and up to the date of the hearing on modification or termination.

Here, the court found a material change of circumstances based on husband's retirement. In its oral ruling, the court referred to its "consideration" of the factors in Code § 20-107.1, without explaining the import of any particular factor. The court noted husband's decision not to seek further employment, his ability to pay spousal support, and wife's current income and expenses. The court also stated that it considered the factors in Code § 20-109 but did not specify which of the factors it considered, or what weight it gave them.

Husband is correct that Code § 20-109(G) requires the court to make "written findings and conclusions" identifying the factors in Code §§ 20-107.1 and 20-109(F) that "support the court's order." However, our analysis does not end there. At the end of the hearing, when the court stated in response to husband's counsel's question that it considered the factors included in Code § 20-109 and offered to elaborate, counsel explicitly declined the court's offer.

"[A]n appellate court will not 'notice error which has been invited by the party seeking to take advantage thereof on appeal.'" McBride v. Commonwealth, 44 Va. App. 526, 529 (2004) (quoting Saunders v. Commonwealth, 211 Va. 399, 400 (1970)). Husband invited the exact error that he now raises on appeal, and in doing so, he has waived the issue. A party may not "invite error and then attempt to take advantage of the situation created by his own wrong." Cangiano v. LSH Bldg. Co., 271 Va. 171, 181 (2006) (rejecting appellant's argument that was contradictory to his trial position).

The court expressly offered to review the factors on the record, which would have constituted the requisite "written findings" once transcribed. See Cleary, 63 Va. App. at 368 n.2. However, husband unequivocally responded that articulating the factors was not necessary. Further, in the proposed order, husband's counsel affirmatively stated that the court considered the factors set out in Code § 20-109. Husband may not assign error to the court's action that he endorsed

- 6 -

below.  See Rowe v. Commonwealth, 277 Va. 495, 501-03 (2009).  Accordingly, we find the first assignment of error waived.

Husband also argues that the court did not give proper weight to the statutory factors in Code § 20-109(F) when determining the effect of his retirement on the spousal support obligation.

However, husband rejected the court's offer to explain how it considered the factors of Code § 20-109(F).  Therefore, for the reasons stated above, we conclude that husband waived this assignment of error as well, and we will not consider it.  See id. at 503 (finding that it was "not necessary" to address an invited error).

Therefore, we affirm the judgment of the trial court.

Affirmed.