COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Bernhard
Argued at Richmond, Virginia


CHRISTINA LYNN BALL BEAMER

                                            MEMORANDUM OPINION* BY
v.        Record No. 0032-24-2        JUDGE RANDOLPH A. BEALES
                                             OCTOBER 14, 2025

JAMES MICHAEL BEAMER


FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
Herbert M. Hewitt, Judge

Diane M. Lank (Diane M. Lank, PLC, on brief), for appellant.

No brief or argument for appellee.


Christina Lynn Ball Beamer ("mother") appeals from the order of the Circuit Court of
Westmoreland County ordering James Michael Beamer ("father") to pay monthly child support
for the parties' child. Among other claims, mother argues that the circuit court erred in
calculating child support by failing to calculate father's income and his reasonable business
expenses correctly based on his most recent income and business expenses.

## I. BACKGROUND

Mother and father have one child together, and neither party has other children. Mother is
employed as a schoolteacher, and father is self-employed as a home improvement contractor. In
2020, the Westmoreland County Juvenile and Domestic Relations District Court entered an agreed
order for child support. In 2022, mother moved the juvenile court to modify father's monthly child
support payments. In 2023, the juvenile court increased father's child support obligation to

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

$1,957.87 per month, plus $50 per month towards arrearages, for a total monthly child support obligation of $2,007.87. Father then appealed to the circuit court.

At the hearing before the circuit court, the parties presented evidence concerning their respective incomes and expenses. Father testified that he owned a business and that he claimed deductions for certain business expenses. Mother introduced into evidence father's 2022 QuickBooks general ledger, and father introduced into evidence his 2023 QuickBooks general ledger. In addition, mother introduced into evidence father's 2022 business checking account records, and father introduced into evidence his 2023 business checking account records. Father acknowledged that his income tax return for 2022 was in error. After hearing the evidence, the circuit court requested additional briefing from the parties regarding their incomes and expenses.

The parties subsequently filed supplemental briefing addressing the circuit court's request for additional information on the parties' incomes and expenses. In his supplemental brief, father proposed "using his 2022 income for 2023 and going forward" because he did not have "a full year of income and expenses." He listed a total of $241,297.13 in deductible business expenses and calculated his income in the amount of $3,795.65 per month. In her supplemental briefing, mother disputed several of father's claimed business expenses, and she calculated father's net monthly income in the amount of $7,048.38 based on an 18-month average.

In a letter opinion dated September 20, 2023, the circuit court calculated mother's monthly income in the amount of $5,527 based on exhibits for the years 2022 and 2023. However, the circuit court calculated father's monthly income in the amount of $3,948 based on exhibits for the year 2022. In reaching that calculation, the circuit court noted that father's "attempts to keep his own books are abysmal as he does not understand how to use his accounting program." The court reasoned that "[t]he only way the court could arrive at a reasonable determination of his net income was to analyze his income and expenses as supported by his Primis bank account records for the

calendar year of 2022." The circuit court then calculated the child support guidelines amount and fixed father's child support obligation in the amount of $657 per month. Mother now appeals to this Court.

## II. ANALYSIS

On appeal, mother argues, "The trial court erred because it calculated [m]other's income for 2023 only, but limited [f]ather's income and expenses to 2022."

### A. Standard of Review

"The determination of child support is a matter of discretion for the circuit court, and therefore we will not disturb its judgment on appeal unless plainly wrong or unsupported by the evidence." *Da'mes v. Da'mes*, 74 Va. App. 138, 144 (2022) (quoting *Niblett v. Niblett*, 65 Va. App. 616, 624 (2015)). "The issue of a party's income is a question of fact that we will not disturb unless it is plainly wrong or without evidence to support it." *Id.* at 145 (quoting *Milam v. Milam*, 65 Va. App. 439, 462 (2015)). "However, '[i]nterpreting a statute is a pure question of law that the Court reviews *de novo*.'" *Id.* (alteration in original) (quoting *Cleary v. Cleary*, 63 Va. App. 364, 369 (2014)).

It is well-established that a circuit court's "discretion is not without bounds. The General Assembly has included mandatory steps that a court must follow when exercising its discretion in calculating child support." *Tidwell v. Late*, 67 Va. App. 668, 678 (2017) (quoting *Niblett*, 65 Va. App. at 624); *see* Code § 20-108.1. Indeed, a circuit court's "calculation of child support obligations is a combination of mandatory steps and broad discretion." *Tidwell*, 67 Va. App. at 678 (quoting *Niblett*, 65 Va. App. at 624). "[U]nless it appears from the record that the circuit court judge has abused his discretion by not considering or by misapplying one of the statutory mandates, the child support award will not be reversed on appeal." *Id.* (alteration in original) (quoting *Niblett*, 65 Va. App. at 624).

B. Calculating Child Support

This Court has long recognized that the "starting point for a [circuit] court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Code § 20-108.2." *Da'mes*, 74 Va. App. at 145 (quoting *Oley v. Branch*, 63 Va. App. 681, 689 (2014)). "This amount 'varies according to the combined gross income of the parties and the number of children involved.'" *Id.* (quoting *Oley*, 63 Va. App. at 689-90). In addition, "Code § 20-108.1 states that there is a rebuttable presumption that the guidelines from Code § 20-108.2 establish 'the correct amount of child support to be awarded.'" *Tidwell*, 67 Va. App. at 680. "*[A]fter* determining the presumptive amount of support according to the schedule, the [circuit] court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1." *Id.* (emphasis and first alteration in original) (quoting *Richardson v. Richardson*, 12 Va. App. 18, 21 (1991)).

In *Tidwell v. Late*, this Court concluded that the circuit court committed reversible error "in averaging father's income, instead of using his current income, when it calculated child support pursuant to the guidelines in Code § 20-108.2." *Id.* at 681. We explained that the circuit court "erred insofar as it did not first calculate a presumptive support amount based on current year income, and then, *after that*, explicitly analyze whether higher income in prior years manifested a greater earning capacity that rendered the presumptive award inappropriate or unjust." *Id.* at 680-81 (emphasis in original). We thus remanded the matter to the circuit court "to calculate the presumptive amount of child support using father's current income and to determine whether the 'application of such guidelines would be unjust or inappropriate.'" *Id.* at 681 (quoting Code § 20-108.1(B)).

In the case now before us on appeal, the circuit court calculated father's income and determined the deductions for his reasonable business expenses based solely on his bank account

- 4 -

statements for the year 2022, rather than also including what was then his most current income that was available through July 2023. Thus, the circuit court here erred by relying primarily on bank statements from a previous year instead of also considering the current year's income and deductions for reasonable business expenses. *See id.* As noted *supra*, the circuit court was required to "first calculate a presumptive support amount based on current year income" and then to determine whether father's income in prior years "rendered the presumptive award inappropriate or unjust." *Id.* at 680-81. The circuit court further erred in calculating mother's income and father's income based on two different time periods—as the court calculated mother's average monthly income from January 2022 through July 2023, but calculated father's average monthly income from January 2022 through only December 2022.

Therefore, for the foregoing reasons, we reverse the circuit court and remand this matter to the circuit court to calculate the presumptive amount of child support (and arrearages, if any), based on father's income and his reasonable business expenses for the time period of January 2022 through July 2023. This is the same period of time used by the circuit court to calculate mother's income, and it was the most current available time period when the circuit court issued its child support order.[1] On remand, we also direct the circuit court to determine whether father's income in prior years would make the "application of such guidelines . . . unjust or inappropriate" and thus require adjusting the presumptive child support amount higher or lower. Code § 20-108.1(B). Also on remand, the circuit court should determine father's income and his

---

[1] It is well-settled that the "doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Commonwealth v. White*, 293 Va. 411, 419 (2017) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)). Given our holding that the circuit court erred by failing to calculate correctly father's income and his reasonable business expenses (including his labor expenses) for the most current time period (and for the same time period as mother), and because we are remanding this case to recalculate child support with these directions, we need not reach the issue of whether the circuit court also erred in calculating each category of father's reasonable business expenses under the incorrect time period previously used by the circuit court.

reasonable business expenses based on the evidence actually submitted to the court by the parties.

## III.  CONCLUSION

In short, the circuit court erred in calculating child support by failing to calculate father's income and his reasonable business expenses correctly based on the most current time period available before the circuit court entered its child support order—and during the same time period used to calculate mother's income.  Consequently, we reverse the circuit court's judgment, and we remand this matter to the circuit court to recalculate child support after determining father's income and his reasonable business expenses for January 2022 through July 2023—along with mother's income during that same time period.

*Reversed and remanded.*