Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ.

KASEY A. LANDRUM

                                          OPINION BY
v.   Record No. 101102            JUSTICE DONALD W. LEMONS
                                        November 4, 2011

CHIPPENHAM AND JOHNSTON-WILLIS
HOSPITALS, INC., ET AL.

             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Walter W. Stout, III, Judge

     In this appeal, we consider whether the circuit court

abused its discretion in excluding the plaintiff's expert

witnesses because of her failure to obey its pretrial orders.

We conclude that it did not and therefore affirm its judgment.

                          I.  Background

     In February 2009, Kasey A. Landrum, represented by out-of-

state counsel from St. Louis, Missouri, admitted pro hac vice,[1]

sued Chippenham and Johnston-Willis Hospitals, Inc.[2] and Dr. John

C. Deitrick (collectively Defendants) for medical malpractice.[3]

Seven months later, the circuit court entered a scheduling

order.  As relevant here, that order provided:

        If requested in discovery, plaintiff's . . . experts
        shall be identified on or before Monday, November 23,
        2009. . . .  If requested, all information

_____

        [1] The record contains an order granting Landrum's out-of-
state counsel temporary pro hac vice admission, in accordance
with Rule 1A:4(3).  But it is devoid of a motion by local
counsel to associate him as counsel pro hac vice or an order
granting such a motion, as required under Rule 1A:4(3)(b)-(c).
        [2] We have reformed the case caption to reflect the correct
name of this defendant-appellee.
        [3] Landrum also sued two other doctors who are not parties to
this appeal.

1

> discoverable under Rule 4:1(b)(4)(A)[(i)] . . . shall be provided or the expert will not ordinarily be permitted to express nondisclosed opinions at trial. The foregoing deadline[] shall not relieve [plaintiff] of the obligation to respond to discovery requests within the time periods set forth in the Rules of the Supreme Court of Virginia, including, in particular, the duty to supplement or amend prior responses pursuant to Rule 4:1(e).

(Emphasis omitted.)

Two months before the November 23 deadline, Defendants, through interrogatories, asked Landrum to identify her expert witnesses. Landrum's out-of-state counsel nonetheless waited until November 23 to send them an expert designation (which they did not receive until November 30). The designation provided the names and addresses of two expert witnesses. But it did not "state the substance of the facts and opinions to which [they were] expected to testify and a summary of the grounds for each opinion," and was therefore deficient under Rule 4:1(b)(4)(A)(i). Defendants consequently moved to exclude the expert witnesses and for summary judgment.

Upon learning of Defendants' motions, Landrum's out-of-state counsel attempted to cure the deficient designation by sending Defendants the expert witnesses' reports (which they received on either December 10 or 11). He did not, however, supplement the designation to comply with Rule 4:1(b)(4)(A)(i), as required under Rule 4:1(e).

2

At a January 21, 2010 hearing on Defendants' motions, Landrum's out-of-state counsel admitted that the designation did not satisfy Rule 4:1(b)(4)(A)(i).  But he argued that the violation was remedied when the Defendants received the expert witnesses' reports.  He further urged that the exclusion of the expert witnesses "would be a tremendous prejudice to [Landrum]."

The circuit court denied Defendants' motions and gave Landrum's out-of-state counsel until January 28 to supplement the designation so as to comport with Rule 4:1(b)(4)(A)(i).  In giving him this second chance, however, it warned:

> THE COURT: . . . I will give you seven days from today, and I'm going to give you a time that you file your answer to these interrogatories and you file a copy of it in the clerk's office and you do it in the proper manner.  I'm not going to sit here and lecture how you're supposed to do it.
>
> . . . .
>
> I will tell you, sir, if you fail to do that, I will dismiss the case after that.

The circuit court later entered an order memorializing its ruling.  That order provided, among other things, that if Landrum did not supplement the designation "on or before January 28," then she would "risk further sanction by the court, including but not limited to, reconsideration of the defendants' motions."

On January 27, Landrum's out-of-state counsel filed a supplemental designation.  But it, too, was not in compliance

3

with the Rules: although it featured out-of-state counsel's signature above the signature block containing both his name and address as well as the name and address of local counsel, it was not signed by local counsel as required under Rule 1A:4(2). Because "[a]ny pleading or other paper required to be served" is invalid under that Rule "unless it is signed by local counsel," Defendants again moved to exclude Landrum's expert witnesses and for summary judgment.

At a February 23, 2010 hearing on Defendants' second round of motions, Landrum's out-of-state counsel conceded that he violated Rule 1A:4(2) by filing the supplemental designation without local counsel's signature. In fact, he admitted that he "ha[d] filed many pleadings in this case . . . in violation of the rule," including the original designation.[4] He nevertheless argued that the exclusion of the expert witnesses was not warranted because he remedied the violation by refiling the supplemental designation with local counsel's signature on February 17.

The circuit court first granted Defendants' motions to exclude the expert witnesses, explaining:

> [W]hat happened was there was a series of late filings. It wasn't very late but it was late. Subsequently turned out that it was not appropriately filed for substance. And [the court] allowed that to

---

[4] Defendants did not raise the violation at the January 21 hearing.

4

be done.  [The court] said that it had to be done properly.  If it wasn't done properly within the seven-day period, that that was the last chance, so to speak.

And it was a situation where the [supplemental designation] was not signed properly.  The rules are very, very clear as to what happens if local counsel doesn't sign a document.  And that was not done. Whether it was done before or not or brought to the attention by the defendant[s] to the plaintiff, that's not their responsibility.  It's the plaintiff's responsibility to know and stay by the rules.  And the [c]ourt is going to enforce the rule.  The designation is filed improperly and is stricken.

The circuit court then entertained argument on Defendants' motions for summary judgment.  Defendants contended that summary judgment was appropriate because Landrum could not meet her burden of proof on her medical-malpractice claims without an expert witness to establish the standard of care.  The circuit court agreed and granted the motions, dismissing the case with prejudice.[5]  Landrum now appeals.

## II.  Discussion

### A.

Pursuant to Rule 4:12(b)(2), a trial court may sanction a party for failing "to obey an order to provide or permit discovery."  It may, for instance, prohibit a party "from introducing designated matters in evidence" or "strik[e] out

---

[5] Landrum later filed a motion to reconsider and a motion to amend the supplemental designation.  The circuit court denied the former for lack of jurisdiction and did not rule on the latter.

pleadings or parts thereof." Rule 4:12(b)(2)(B)-(C). Because it "exercises 'broad discretion' in determining the appropriate sanction," we review its decision for an abuse of discretion. Walsh v. Bennett, 260 Va. 171, 175, 530 S.E.2d 904, 907 (2000) (quoting Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990)).

The abuse-of-discretion standard, as the United States Court of Appeals for the Fourth Circuit has observed, is "a standard that, though familiar in statement, is not necessarily that simple in application." James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993) (internal quotation marks omitted). That is because an abuse of discretion "can occur in a number of ways." Id.

In Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984), the United States Court of Appeals for the Eighth Circuit stated that when a decision is discretionary, "we do not mean that the [trial] court may do whatever pleases it. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." The Eighth Circuit went on to explain:

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors,

6

and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

Id.

The Fourth Circuit has recognized this definition. See General Trucking Corp. v. Westmoreland Coal Co., No. 92-1225, 1992 U.S. App. LEXIS 30853, at *14 (4th Cir. Nov. 23, 1992) (unpublished) ("Or, as another court has put it, by (1) failing to take into account a significant relevant factor; or (2) giving significant weight to an irrelevancy; or (3) weighing the proper factors but committing a clear error of judgment in doing so." (citing Kern, 738 F.2d at 970)). And we now embrace it.

## B.

Landrum first contends that the circuit court abused its discretion in excluding the expert witnesses because it disregarded Rule 4:1(g).[6] That Rule, in pertinent part, provides:

> Every request for discovery or response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. . . . If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or

---

[6] In her assignment of error, Landrum also cites Code § 8.01-271.1, which contains language similar to that found in Rule 4:1(g). But she does not separately address that section in her brief. We thus assume that any argument based on Code § 8.01-271.1 is subsumed in her Rule 4:1(g) argument.

7

objection, and a party shall not be obligated to take any action with respect to it until it is signed.

Rule 4:1(g). Since her out-of-state counsel refiled the supplemental designation with local counsel's signature promptly after the omission was brought to his attention, Landrum argues that the circuit court exceeded the bounds of its discretion under Rule 4:1(g) in excluding the expert witnesses.[7]

Landrum's reliance on Rule 4:1(g) is misplaced because that Rule was not violated:  the supplemental designation was "signed by at least one attorney of record."  Rule 4:1(g).  The problem is that that attorney (Landrum's out-of-state counsel) is not admitted to practice law in Virginia.  For that reason, another Rule comes into play – Rule 1A:4(2).  That Rule states in relevant part:

> No out-of-state lawyer may appear pro hac vice before any tribunal in Virginia unless the out-of-state lawyer has first associated in that case with a lawyer who is an active member in good standing of the Virginia State Bar (hereinafter called "local counsel").  The name of local counsel shall appear on all notices, orders, pleadings, and other documents filed in the case.  Local counsel shall personally

---

[7] Defendants contend that this argument was not preserved for appeal because Landrum did not raise it below.  We disagree. Although Landrum did not cite Rule 4:1(g) to the circuit court during the February 23 hearing, she did argue that the expert witnesses should not be excluded because her out-of-state counsel "served [the answers to interrogatories] with the signature of local counsel as soon as [he] found out about [the omission]."  We thus find that Landrum gave the circuit court sufficient "notice of the substance of the objection" to comply with the requirements of Rule 5:25.  Overton v. Slaughter, 190 Va. 172, 179, 56 S.E.2d 358, 361 (1949).

> appear and participate in pretrial conferences,
> hearings, trials, or other proceedings actually
> conducted before the tribunal. . . . Any pleading or
> other paper required to be served (whether relating to
> discovery or otherwise) shall be invalid unless it is
> signed by local counsel.

Rule 1A:4(2).

We construed and applied Rule 1A:4(2) in <u>Wellmore Coal Corp. v. Harman Mining Corp.</u>, 264 Va. 279, 568 S.E.2d 671 (2002). There Wellmore Coal filed a notice of appeal within the 30-day period prescribed by Rule 5:9(a). <u>Id.</u> at 281, 568 S.E.2d at 672. The notice, however, was only signed by out-of-state counsel and was thus invalid under Rule 1A:4(2). <u>Id.</u> at 282-83, 568 S.E.2d at 672-73. Some three weeks after the 30-day period had run, Wellmore Coal filed an amended notice with local counsel's signature. <u>Id.</u> at 282, 568 S.E.2d at 672.

Harman Mining and Sovereign Coal Sales moved to dismiss Wellmore Coal's appeal. <u>Id.</u> They argued that the Court lacked jurisdiction to hear the appeal because: (1) the original notice was invalid, and (2) the amended notice was untimely. <u>Id.</u> We first defined the term "invalid" as used in Rule 1A:4(2) as " 'not legally binding.' " <u>Id.</u> at 283, 568 S.E.2d at 673 (quoting Black's Law Dictionary 829 (7th ed. 1999)). We then reasoned that, because the original notice "was not legally binding," "it had no legal effect." <u>Id.</u> And because it had no legal effect, it could not be amended to comply with that Rule,

9

for "an amendment presupposes a valid instrument as its object." Id. We thus granted Harman Mining and Sovereign Coal Sales' motion and dismissed Wellmore Coal's appeal as untimely. Id. at 284, 568 S.E.2d at 673.

Just like Wellmore Coal's original notice, Landrum's supplemental designation had no legal effect because it was not signed by local counsel as required under Rule 1A:4(2). And just like Wellmore Coal's original notice, Landrum's supplemental designation could not be amended to comply with that Rule, since it was an invalid instrument.[8] Landrum accordingly failed to obey the circuit court's pretrial order to file a supplemental designation on or before January 28.

### C.

Landrum further contends that the circuit court abused its discretion in excluding the expert witnesses because Defendants were not prejudiced by her violation of Rule 1A:4(2). Whether prejudice flowed from the lack of local counsel's signature on the supplemental designation is irrelevant, however. The circuit court excluded the expert witnesses not because she failed to comply with Rule 1A:4(2), but because she failed to obey its pretrial orders. As noted earlier, Rule 4:12(b)(2)

---

[8] Herein lies the difference between Rule 1A:4(2) and Rule 4:1(g). Unlike a violation of the former, a violation of the latter does not render an instrument invalid, and therefore it may be amended to add an omitted signature.

gives a trial court the authority to sanction "a party [that] fails to obey an order to provide or permit discovery." Nothing in the language of that Rule or our case law demands that a trial court first determine whether a party's failure to obey an order has caused another party to suffer prejudice before it may impose a sanction.

D.

We now turn to the circuit court's decision to exclude Landrum's expert witnesses. Based on our review of the record, we cannot say that the circuit court, in making that decision, failed to consider the relevant factors or that, "in weighing those factors, [it] commit[ted] a clear error of judgment." Kern, 738 F.2d at 970. Nor can we say that "any lesser sanction would have remedied the problem posed by [Landrum's] failure to obey [its] order[s]." American Safety Cas. Ins. Co. v. C.G. Mitchell Constr., Inc., 268 Va. 340, 353, 601 S.E.2d 633, 640 (2004).

The record reflects that the circuit court warned Landrum multiple times that her failure to obey its orders would lead to sanctions, including the exclusion of the expert witnesses. First, there was the scheduling order, which stated, among other things, that "expert [witnesses] will not ordinarily be permitted to express any nondisclosed opinions at trial." Then there was the admonition given to her out-of-state counsel

11

during the January 21 hearing:  "I will tell you, sir, if you fail to [supplement the original designation on or before January 28], I will dismiss the case after that."  And finally, there was the order that was entered following the January 21 hearing, which provided, among other things, that if she failed to supplement the original designation on or before January 28, then she would "risk further sanction by the court, including but not limited to, reconsideration of the defendants' motions."

Landrum, moreover, proved herself unable to comply with the Rules, running afoul of not just Rules 1A:4(2) and 4:1(b)(4)(A)(i), but also Rules 1A:4(3) ("An out-of-state lawyer desiring to appear pro hac vice . . . shall . . . complete the application procedure [for admission] within the time limit" set by the tribunal), 4:1(e)(1)(B) (plaintiff has a duty to supplement her discovery responses with "the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert is expected to testify, and the substance of the expert's testimony, when additional or corrective information becomes available"), and 4:15(c) ("if a brief in support of a motion is five or fewer pages in length, the required notice and the brief shall be filed and served at least 14 days before the hearing and any brief in opposition to

12

the motion shall be filed and served at least seven days before the hearing").[9]

In short, Landrum (or, more accurately, her out-of-state counsel) has demonstrated a consistent disregard of the circuit court's pretrial orders and the Rules during this litigation.

### III.  Conclusion

For the foregoing reasons, we conclude that the circuit court did not abuse its discretion in excluding Landrum's expert witnesses.  We therefore affirm the circuit court's judgment.

Affirmed.

JUSTICE MILLETTE, with whom CHIEF JUSTICE KINSER joins, concurring.

I join the majority opinion.  I write separately to emphasize a well-established principle concerning the abuse-of-discretion standard in appellate review in both the Commonwealth and other jurisdictions.

Quoting Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984), the majority correctly identifies three scenarios in which an abuse of discretion can occur.  Although each scenario provides a clear example of a trial court's abusing its discretion, they are not all encompassing; thus, it

---

[9] Landrum's noncompliance even continued in this Court:  she made substantive changes to four of the five assignments of error we agreed to hear, in violation of Rule 5:17(c)(1)(i).  We thus granted Defendants' motion to strike the four changed assignments of error.

13

is important not to limit an abuse-of-discretion review to these three factors.

This Court has repeatedly said that a " '[trial] court by definition abuses its discretion when it makes an error of law. . . . The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.' " Porter v. Commonwealth, 276 Va. 203, 261, 661 S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)); see also Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009); Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 484, 666 S.E.2d 361, 370-71 (2008); Oxenham v. Johnson, 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991).

The Supreme Court of the United States has likewise said that a "[trial] court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). And the federal courts of appeal have echoed this statement. See, e.g., United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005); Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 75 (3d Cir. 1994); McGregor v. Board of Comm'rs, 956 F.2d 1017, 1022 (11th Cir. 1992); Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1022 (Fed. Cir. 1986).

14

Porter provides the perfect example of why the abuse-of-discretion standard includes review to determine that the trial court was not guided by an erroneous conclusion of law. In that case, Porter, who was on trial for capital murder, claimed that the circuit court erred in denying his request to limit courtroom security. 276 Va. at 260, 661 S.E.2d at 444. He argued that having two deputies stand behind him during his trial "prejudiced the jury by implying that he was 'incredibly dangerous.' " Id. at 257, 661 S.E.2d at 443. The circuit court denied Porter's request to order the two deputies to be seated because it believed that it had no authority to direct the sheriff's office on how to conduct security within the courtroom, although the circuit court later corrected its misunderstanding. Id. at 257-58, 260, 661 S.E.2d at 443, 445.

We reviewed Porter's claim under an abuse-of-discretion standard and acknowledged that the circuit court had misstated the law because a trial judge does have " 'overall supervision of courtroom security.' " Id. at 260, 661 S.E.2d at 445. (quoting Payne v. Commonwealth, 233 Va. 460, 466, 357 S.E.2d 500, 504 (1987)). We then confirmed that a trial court abuses its discretion when it makes an error of law. Id. But we continued to analyze that abuse of discretion by the circuit court in its erroneous statement of the law by considering the necessity for the enhanced security. We concluded that the

15

circuit court had not abused its discretion because the additional security was necessary and not unduly prejudicial as the demonstrated need for the security outweighed the potential prejudice to Porter. Id. at 262-63, 661 S.E.2d at 446. The three factors adopted by the majority today, however, would not have addressed the circuit court's erroneous statement of the law in Porter.

Even more pertinent is the majority's failure, in the case before us, to address Landrum's claim of judicial error in the application of its three factors. Had Landrum been correct in her argument that the circuit court was required to apply Rule 4:1(g) allowing her to sign her submission promptly after the omission was called to her attention, it would have been an error of law and consequently an abuse of discretion for the circuit court to exclude her expert witnesses. Again, none of the majority's three factors would apply to this situation, demonstrating the need to retain, as part of the abuse-of-discretion standard, a review to determine that the discretion was not guided by legal error.

For these reasons, I respectfully concur.