UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Beales and Decker
Argued at Alexandria, Virginia


SYLVIA D. ROSS

MEMORANDUM OPINION* BY
v.        Record No. 0748-17-4          JUDGE WILLIAM G. PETTY
                                        DECEMBER 19, 2017

DONALD M. ROSS


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

Richard F. MacDowell, Jr. (MacDowell Law Group, P.C., on briefs),
for appellant.

Ilona Ely Grenadier (Carole A. Rubin; Elizabeth M. Bookwalter;
Grenadier, Starace, Duffett & Levi, P.C., on brief), for appellee.


Sylvia D. Ross (wife) assigns six errors to the trial court's decisions regarding spousal

support and equitable distribution in her divorce from Donald M. Ross (husband).  For the

reasons below, we affirm in part and reverse and remand in part the trial court's decisions.

BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

We view the evidence in the light most favorable to husband, the prevailing party below,

granting to him the benefit of any reasonable inferences.  Congdon v. Congdon, 40 Va. App.

255, 258, 578 S.E.2d 833, 835 (2003).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The trial court issued a letter opinion on February 17, 2017, in which it made findings of fact regarding its decisions in its final order dated March 3, 2017. The trial court issued a second letter opinion dated March 21, 2017, after wife filed a motion to reconsider. Both letter opinions were incorporated into the amended final order of divorce dated April 7, 2017. Wife now appeals the amended final order.

ANALYSIS

A.  Spousal Support Award

Wife argues that the trial court erred in failing to make sufficient findings[1] to support the amount and defined duration of the spousal support award and that there was insufficient evidence to support the trial court's award.

"A trial court has broad discretion in setting spousal support and its determination will not be disturbed except for a clear abuse of discretion." Robinson v. Robinson, 50 Va. App. 189, 194, 648 S.E.2d 314, 316 (2007) (quoting Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998)). "Reviewing for an abuse of discretion does not simply mean that a circuit court 'may do whatever pleases it.'" Shebelskie v. Brown, 287 Va. 18, 26, 752 S.E.2d 877, 881 (2014) (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352, 717 S.E.2d 134, 137 (2011)). Rather, "when a decision is discretionary . . . the court has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Lawlor v. Commonwealth, 285 Va. 187, 212-13, 738 S.E.2d

---

[1] "Code § 20-107.1(F) required the circuit court to provide written findings both specifying factors under subsection (E) relevant to the award and identifying [in the case of a defined duration award] 'the basis for the nature, amount, and duration of the award.'" Cleary v. Cleary, 63 Va. App. 364, 372, 757 S.E.2d 588, 591 (2014). Wife did not assign error to the trial court's failure to specify which factors were relevant to each of the two distinct requirements under Code § 20-107.1(F). Therefore, we consider the trial court's written findings as applicable to both requirements.

847, 861 (2013) (alterations in original) (quoting Landrum, 282 Va. at 352, 717 S.E.2d at 137).

There are

> "three principal ways" by which a court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

Lawlor, 285 Va. at 213, 738 S.E.2d at 861 (quoting Landrum, 282 Va. at 352, 717 S.E.2d at 137). "Where the trial court has considered all of the statutory factors, and has provided written findings and conclusions identifying the statutory factors that support its ruling, we will not disturb that decision on appeal absent a clear abuse of discretion." McKee v. McKee, 52 Va. App. 482, 494, 664 S.E.2d 505, 511 (2008) (*en banc*).

A trial court may award periodic support for a defined duration pursuant to Code § 20-107.1(F).[2] In contested cases, a trial court must make written findings and conclusions identifying the factors in Code § 20-107.1(E) that support the court's award. Code § 20-107.1(F). Additionally, "[i]f the court awards periodic support for a defined duration, such findings shall identify the basis for the nature, amount and duration of the award and, if appropriate, a specification of the events and circumstances reasonably contemplated by the court which support the award." Id.; see Cleary v. Cleary, 63 Va. App. 364, 372, 757 S.E.2d 588, 591 (2014). Periodic support for a defined duration

> is often based upon a finding that a specific future increase in the recipient's income is reasonably likely. If the court does not state the basis for that assumption on the record, the appellate courts

---

[2] "This has generally been referred to in other states as an award of rehabilitative alimony." 9 Peter N. Swisher, Lawrence D. Diehl, & James R. Cottrell, Virginia Family Law: Theory, Practice & Forms § 9:7 (2017). Rehabilitative alimony has been defined as alimony that ends "after a specified period of time or upon the occurrence of a specified event." Cleary v. Cleary, 63 Va. App. 364, 371 n.5, 757 S.E.2d 588, 591 n.5 (2014) (quoting Family Law Section, Va. State Bar, Rehabilitative Alimony & the Reservation of Spousal Support in Divorce Proceedings, H. Doc. No. 55 at 15 (1997)).

cannot review the correctness of the assumption, and there is no way to test whether future circumstances have made the assumption inaccurate.

Cleary, 63 Va. App. at 371 n.5, 757 S.E.2d at 591 n.5 (quoting Family Law Section, Va. State Bar, Rehabilitative Alimony & the Reservation of Spousal Support in Divorce Proceedings, H. Doc. No. 55 at 15 (1997)).  In summary, a court may base its award on circumstances reasonably contemplated to occur as long as those events are included in the court's written findings and supported by the evidence.

Here, in determining spousal support, the trial court made factual findings in its letter opinions related to the statutory factors from Code § 20-107.1(E).  The duration of the marriage was just over twenty-two years.  "[Husband] made a majority of the monetary contributions [and wife] made the majority of the non-monetary contributions to the well-being of the family" and "[b]y agreement of the parties, [wife] was out of the work force for most of the marriage raising the parties' two children."  Wife "sustained injuries in accidents during 2013, 2014, and 2015, and has been diagnosed with post-concussive syndrome."  Husband had substantial income from employment while wife was "not currently employed."  The trial court further stated,

> The [c]ourt declines to impute income to [wife].  Both parties presented testimony and evidence of vocational experts in this regard.  The [c]ourt finds that [wife] has not been gainfully employed outside the home since 1997.  Although [wife] provides volunteer legal services to various groups, the [c]ourt finds that [wife]'s current physical and cognitive disabilities prevent her from working as an attorney, with the ethical obligations this requires, at this time.  The [c]ourt further finds that [husband]'s evidence was insufficient to show the availability of jobs other than attorney jobs or [wife]'s salary potential at jobs other than attorney jobs.  See Decamp v. Decamp, 64 Va. App. 137 (2014) and McKee v. McKee, 52 Va. App. 482 (2008).  However, the [c]ourt believes that [wife] is capable of re-entering the workforce within the next 12-18 months.  [Wife] presented herself as a very intelligent and articulate [sic] who with time should be able to find gainful employment.  Given that there was no credible evidence presented by the parties as to other employment opportunities commensurate with her skills, the [c]ourt is unable to impute any

income to [wife] at this time. Even taking into consideration the post-concussive syndrome that [wife] may be experiencing, there was evidence presented that this injury may resolve in the very near future. Additionally, post-concussive syndrome does not prevent [wife] from all gainful employment but there is no evidence that the [c]ourt has to make a determination as to what employment she may be suited.

The trial court awarded wife $5,000 per month for a period of four years and granted wife a reservation of spousal support for a period of ten years. Upon wife's motion for reconsideration, the trial court adjusted the duration of the award to five years and extended the reservation to eleven years.

"Where the trial court has considered all of the statutory factors, and has provided written findings and conclusions identifying the statutory factors that support its ruling, we will not disturb that decision on appeal absent a clear abuse of discretion." McKee, 52 Va. App. at 494, 664 S.E.2d at 511. Simply put, here the trial court has not identified the findings that provide "the basis for the nature, amount, and duration of the award" as required for periodic support payments of a defined duration. See Code § 20-107.1(F). Furthermore, the findings the trial court made were somewhat inconsistent. The trial court found that wife is licensed as an attorney; but the trial court specifically found that at this time wife cannot ethically perform the duties of an attorney. The trial court found that wife had not been employed outside the home since 1997; but it found she "should be able to find gainful employment." The trial court found wife's injury "does not prevent [wife] from all gainful employment, but there is no evidence that the [c]ourt has to make a determination as to what employment [wife] may be suited." The trial court initially determined that four years of spousal support payments were appropriate; but it did not identify the basis upon which it adjusted the duration of the payments from four years to five years after the motion to reconsider. Although the trial court stated that vocational experts had testified, it also stated that "there was no credible evidence presented by the parties as to other

employment opportunities commensurate with [wife's] skills." Indeed, the trial court found it had insufficient evidence from which to deduce wife's earning capacity. Thus, although the trial court found wife to be "intelligent and articulate" and found she was "capable of re-entering the workforce within the next 12-18 months," the trial court did not identify the factors it relied upon to determine that *a specific* future increase in wife's income is reasonably likely. See Cleary, 63 Va. App. at 371 n.5, 757 S.E.2d at 591 n.5.

A periodic award for a defined duration may be appropriate where the trial court makes written findings that a specific future increase in the recipient's income is reasonably likely. Id. at 371, 757 S.E.2d at 591. The written findings by the trial court here do not sufficiently state on the record the basis for its assumption that spousal support will no longer be appropriate after five years; we consequently cannot review the correctness of the assumption. Id. On remand, and based on the existing record, the trial court may provide additional written findings pursuant to Code § 20-107.1(F) to identify the factors which support its award of defined-duration spousal support or it may reconsider its award.[3]

### B. Navy Federal Credit Union Account

Wife argues that the trial court erred in classifying the contents of Navy Federal Credit Union account –4078 ("NFCU account") as husband's separate property. She argues that husband withdrew funds totaling approximately $44,000 on November 16, 2015, the date of separation, from joint accounts containing marital property and deposited the funds into the NFCU account which was titled solely in husband's name. She argues that either the original $44,000 or the balance of $16,758 remaining in the NFCU account on the valuation date should

---

[3] We express no opinion as to whether the evidence presented would support a defined-duration award pursuant to Code § 20-107.1(F). We determine today only that the findings made by the trial court in the record before us were not sufficient to support a defined-duration award.

be classified as marital property. In the alternative, wife argues that the trial court erred in denying wife's motion for an alternate valuation date of the account from which the funds were withdrawn, contending that husband wasted the $44,000 of marital funds withdrawn from the joint account and deposited into the NFCU account. The trial court's classification of the NFCU account as husband's separate property was predicated on the trial court's finding that the parties had stipulated that the account was husband's separate property.[4]

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005).

> Property acquired by either spouse "during the marriage, and before the last separation of the parties," is presumed to be marital property[, and] . . . the presumption that property is marital ceases on the date of the *de facto* dissolution of the marital partnership. . . . Generally, property acquired by one partner after the last separation when "at least one of the parties intends that the separation be permanent" is not "acquired . . . during the marriage" or as part of the marital partnership and will not be marital property, unless it was obtained, at least in part, with marital funds. . . . The presumption is not simply an evidentiary tool that assigns the burden of proof or burden of going forward with the evidence to a particular party. Rather, the presumption is substantive, in that it delineates when the marriage or partnership will be presumed to have ended for purposes of classifying property as marital (partnership) or separate (individual).

Dietz v. Dietz, 17 Va. App. 203, 208-11, 436 S.E.2d 463, 467-68 (1993) (fourth alteration in original).

---

[4] The trial court found, "The parties stipulated that this account is [husband]'s separate property and that it had a value of $16,758 at the time of the November hearing." Wife objected to the trial court's classification of the account as husband's "separate property, since the parties did not so stipulate." Wife additionally noted in her motion to reconsider that the trial court "stated this had been 'stipulated to' by the parties; however, there was no such stipulation made." The trial court did not address the classification of the NFCU account in its amended final order or the accompanying opinion letter.

Here, the trial court's finding that the parties had stipulated that the NFCU account was husband's separate property is without evidence in the record to support it. We decline husband's invitation to determine in the first instance whether the funds in the NFCU account should be classified as marital or separate property.[5] As this Court has "recognized, for purposes of equitable distribution, when a marital partnership begins and ends is a more dynamic and complex concept than the day on which marital vows are exchanged or a court finally dissolves a marriage that may have long before ended in fact." Dietz, 17 Va. App. at 209, 436 S.E.2d at 467 (analyzing character of property bought with funds from an account titled separately and initially funded with marital funds shortly after separation). We cannot determine as a matter of law, based on the record before us, how the account and the funds remaining in it on the valuation date should be classified.[6] We therefore remand to the trial court for a determination pursuant to Code § 20-107.3 of the classification of the account and, if necessary, the equitable distribution of the account funds in light of the factors in Code § 20-107.3(E).[7]

---

[5] Husband suggests that the trial court's erroneous finding that the account was separate property can be affirmed because the error in finding there was a stipulation was "harmless." He suggests that even if the trial court's reasoning was wrong, it reached the right result because wife failed to provide sufficient evidence from which the trial court could make the factual finding in her favor. "[C]ases are only proper for application of the right result for the wrong reason doctrine when the evidence in the record supports the new argument on appeal, and the development of additional facts is not necessary." Perry v. Commonwealth, 280 Va. 572, 579, 701 S.E.2d 431, 435 (2010). We decline to apply the doctrine here because the development of additional factual findings is necessary to the resolution of the issue.

[6] The record indicates that the funds deposited in the NFCU account on the date of separation consisted mainly of marital funds withdrawn from joint accounts. It is not clear from the record whether the account had been opened prior to the date of separation. Nor is it clear whether funds classified as separate property were commingled in the account, or for what purposes the funds were used. Although the trial court found that some of the funds were not wasted, as they were used for a proper purpose, it did not make a factual finding as to the use of the remaining marital funds or the classification of the account.

[7] Wife also assigned error to the trial court's denial of her motion for an alternate valuation date for the account based on husband's purported waste of the funds deposited in the

## C. Marital Residence

Wife additionally argues that the trial court erred when it considered the marital residence as marital property without awarding her a "credit" for the amount of funds she paid on the mortgage after the parties separated. In the consent *pendente lite* order dated September 16, 2016, the parties agreed that wife would have the exclusive use and possession of the marital residence and that she would be solely responsible for the financial obligations related to the marital residence, except for real estate taxes.

"Although the separate contribution of one party to the acquisition, care, and maintenance of marital property is a factor that the trial court must consider when making its award of equitable distribution, Code § 20-107.3 does not mandate that the trial court award a corresponding dollar-for-dollar credit for such contributions." von Raab v. von Raab, 26 Va. App. 239, 249-50, 494 S.E.2d 156, 161 (1997).

Here, the trial court considered wife's argument that she had made post-separation payments of $7809 on the mortgage of the marital residence. It also considered husband's argument that the payments were made from marital funds and that wife had exclusive use of the residence after separation. The trial court found that "all of the equity [in the marital residence] is marital." Because there is evidence in the record to support the trial court's decision, we will not reverse it on appeal.

---

account. "Code § 20-107.3(A) allows a court to select an alternate valuation date 'for good cause shown.'" David v. David, 64 Va. App. 216, 225, 767 S.E.2d 241, 245 (2015). "One recognized justification for altering the evaluation date is a showing of dissipation of marital assets." Smith v. Smith, 18 Va. App. 427, 430, 444 S.E.2d 269, 272 (1994). Because the classification of assets as marital or separate is an integral part of the determination of dissipation, and the trial court did not classify the account into which the funds were deposited, we remand this issue to the trial court as well.

D. Striking of Expert Testimony

Wife argues that the trial court erred in striking an answer by wife's expert witness to a question posed by wife on redirect.

"Given its responsibility to manage often complex and hotly contested litigation, a trial court has broad discretion to determine the admissibility of evidence. Piatt v. Piatt, 27 Va. App. 426, 435, 499 S.E.2d 567, 571 (1998).

Wife concedes that the trial court made a pre-trial ruling that limited the testimony of Dr. Peters, wife's expert, to those matters disclosed to husband before trial, with all facts relied upon by Dr. Peters highlighted on the disclosed records. Dr. Peters was qualified as an expert in post-concussion syndrome and was also wife's treating physician. During direct examination, Dr. Peters testified that wife was most recently seen in his office in November of 2016, the month before trial. Dr. Peters testified on cross-examination, however, that he had not personally seen wife in the six months preceding the trial. Dr. Peters also testified that "most people" recover within a year of receiving a concussion. On redirect, Dr. Peters clarified that "90% of patients are likely to recover fully or reach a point of maximal medical improvement within 18 to 24 months" and the remaining 10% are considered to have a permanent injury. Wife's counsel then asked, "And is that where [wife] is now?" Husband's counsel moved to strike Dr. Peters's affirmative response, and the trial court granted the motion.

We cannot say that the trial court abused its discretion when it sustained an objection to Dr. Peters's testimony regarding the current condition of wife when he had not personally seen wife in six months and no evidence regarding wife's recent medical prognosis had been entered into evidence. The questions asked by husband on cross-examination were regarding concussion patients in general. Wife sought testimony on redirect regarding wife's medical prognosis. The trial court's striking of Dr. Peters's answer was not error.

CONCLUSION

For the reasons discussed above, we affirm the trial court's equitable distribution of the equity in the marital residence and its striking of Dr. Peters's answer on redirect. We reverse the trial court's award of spousal support and remand for the trial court to make written findings as required by Code § 20-107.1(F). See Cleary, 63 Va. App. at 366, 757 S.E.2d at 589. We also reverse the trial court's finding that the parties had stipulated that the NFCU account was husband's separate property and remand for a determination of the account's classification and for equitable distribution if necessary. Additionally, we reverse the trial court's denial of wife's motion for an alternate valuation date and remand for the trial court to reconsider the motion after a classification of the NFCU account has been made.

We decline husband's request for legal fees.

Affirmed in part, reversed and remanded in part.