COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Beales, Russell and Senior Judge Haley
Argued by videoconference


KAREN ELIZABETH CAIN

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0142-21-4                          JUDGE JAMES W. HALEY, JR.
                                                        OCTOBER 26, 2021

THOMAS MATTISON CAIN


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Penney S. Azcarate, Judge

            Michael C. Miller (Cole Miller PLLC, on briefs), for appellant.

            Melanie Hubbard (Malinowski Hubbard, PLLC, on brief), for
            appellee.


                                    BACKGROUND

       "When reviewing a [circuit] court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Mills v.

Mills, 70 Va. App. 362, 368 (2019) (quoting Kahn v. McNicholas, 67 Va. App. 215, 220 (2017)

(alteration in original).

       Thomas Mattison Cain (father) and Karen Elizabeth Cain (mother) were married in 1999,

separated in 2018, and divorced in 2019. They had four children. During the divorce proceedings,

the circuit court entered two orders pertinent to our review. The March 19, 2019 custody order

incorporated the parties' custody settlement agreement (CSA, signed March 19, 2019). The July 17,

2019 divorce decree incorporated the parties' mediated marital settlement agreement (MMSA,

signed June 12, 2019).

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The CSA contained approximately forty paragraphs, sub-paragraphs, and sub-sub-paragraphs and comprised ten pages of the appendix. The MMSA contained approximately 150 paragraphs, sub-paragraphs, sub-sub-paragraphs, and comprised thirty-six pages of the appendix. The specificity of these agreements, as will be shown, were certain to promote controversy and litigation, as well as attorney's fees. They did so well before the agreements were incorporated into the divorce decree, and thereafter.

The full appendix of this litigation comprised 634 pages. It contains voluminous copies of correspondence or emails directed to counsel or a party, prior to the present litigation. A substantial portion of that correspondence can only be described as totally trivial. For example, some of the documented material arose from controversy as to possession of a waffle maker and reimbursement for one-half of one month's bill from Republic Trash service in the amount of $13.78. None of the attorney's fees for these matters was included in the claims for attorney's fees involved in this litigation, as all attorney's fees and costs associated therewith were generated after April 1, 2020.

On June 25, 2020, father filed a verified petition for a rule to show cause against mother for failure to abide by certain provisions of the two agreements. The petition contained approximately 100 paragraphs, sub-paragraphs, and sub-sub-paragraphs. This petition initiated the present litigation which is the subject of this appeal. Father further filed a motion to enjoin mother from unilaterally changing the children's medical providers, as she allegedly had done.

Mother filed a motion *in limine* which contained approximately thirty paragraphs, sub-paragraphs, and sub-sub-paragraphs. The motion asserted that some of father's requests were "problematic," thus inviting court interpretation.

The petition for a rule to show cause, as here relevant, included three claims: (1) mother had failed to timely provide income information as required by paragraph 4(C) of the MMSA; (2) mother failed and refused to participate in the process to divide disputed personal property items

and had not exchanged family photos and videotapes in her possession for division and/or duplication, as required by paragraphs 10(A)-(C) of the MMSA; and (3) mother refused to provide the password for the children's 529 savings accounts, of which she was the custodian, in violation of paragraph 5(C) of the MMSA, which required her to provide such a password to permit father to view the accounts. The motion to enjoin was predicated upon paragraph 1(a) of the CSA, which required the parties to consult in good faith with one another "on all major decisions affecting the minor children," which mother had not done when she informed father that she was changing the children's dentist.

The trial court consolidated some of the issues raised in the petition and the motion to enjoin for later determination, thereby denying portions of the motion *in limine*, and dismissed some of the issues, thereby granting portions of the motion *in limine*.

In her opening brief, mother asserts that she "prevailed on all matters," and asserts that "she won on all [the issues]," in her reply brief. These assertions are incorrect. Mother did not prevail on all issues raised in her motion *in limine*, as noted above. While the trial court did not find that mother's actions were willful and wanton as to justify a finding of contempt under the clear and convincing evidence standard, father prevailed on several issues raised in the rule. Mother had either remedied some of these issues raised in the petition prior to the court ruling and after the filing of the petition or was ordered to comply by the trial court.

To quote the trial court: "it's clear for the court now that [mother] is required to give the password [for the 529 accounts] regardless of whether or not it is a view only password and so she has to give the password to him." The trial court stated that regarding "exchange of income information, all income has been exchanged now." The trial court found that both mother and father needed to divide the personal property "exactly in that occurrence and that way" depicted in the agreement and "[s]ame with the pictures; it's clear how the pictures are supposed to go. It is not

happening. Whoever has possession of the pictures, again was supposed to turn them over to the other one so that they can decide. That needs to happen." The trial court found "[a]s to the motion to enjoin, it doesn't appear that it is an issue at this point, . . . I think that would be the resolution to have an agreed order that neither party can and is enjoined from unilaterally changing any medical provider. So, I would order that in that motion."

Each party sought an order requiring the other to pay attorney's fees, as provided by the CSA and MMSA. Father introduced a summary of legal fees totaling $20,253.50. Mother presented an affidavit and statement of attorney's fees totaling $19,862.04. Regarding attorney's fees, the trial court stated that:

> what I can tell both parents at this point is you are failing. You are not working together. You are not looking out for the best interest of your children, even though you say you are. That goes for both of you. There are no saints here . . . I'm not going to award any attorney's fees because I think this never should have been in a courtroom, and it never should have been eight hours of my life. This just should not have been here because I think you should, both of you, should have been able to resolve these issues. There's nothing in here that shouldn't have been resolved through a couple of emails.

Both parties filed motions for reconsideration of the trial court's past rulings. Both were denied. Mother appealed to this Court; father did not. Both parties seek appellate fees and costs.

While mother's assignments of error contain six numbered paragraphs, they all argue the same thing, that "the trial court abused its discretion in failing to award [mother] her attorney's fees." This was the only error substantially argued in mother's briefs.

ANALYSIS

We quote the verbose sections of the two agreements concerning attorney's fees and costs. We italicize portions. From the parties' CSA, paragraph 3(b):

> [t]he parties agree that if one (1) party incurs expenses in the successful enforcement of any of the provisions of this Agreement *as determined by the court*, the other will be responsible for, and

will pay forthwith, any and all *reasonable legal fees and expenses* incurred. Any such costs incurred by a party in the successful defense of any such provision *as determined by the court* shall be reimbursed by the party seeking to enforce compliance.

From the parties' MMSA, paragraph 19(B):

[i]f either party defaults in his or her obligations under this Agreement, the non-defaulting party shall be entitled to *reasonable attorney's fees and costs* (including, without limitation to, costs of experts and private investigators) incurred in securing performance or damages from the defaulting party. If either party brings an action to enforce the terms of this Agreement and does not substantially prevail in such action, then the other party shall be entitled to *reasonable attorney's fees and costs* (including, without limitation to, costs of experts and private investigators) incurred in defending such action.

Additionally, MMSA paragraph 19(D) provides that:

[n]otwithstanding anything herein to the contrary, nothing herein shall prevent *a court of competent jurisdiction* from making *an award of reasonable attorney's fees and costs* in any proceeding subsequent to the entry of the order incorporating this Agreement, including, but not limited to future interpretation, modification and/or *appellate proceedings* as well as enforcement proceedings as addressed below. It is understood and agreed that neither party is waiving his or her right to request an award of attorneys' fees and costs *in any future proceedings* whether or not such proceedings are related to enforcement. *Jurisdiction and authority for such court to award such attorney's fees and costs is hereby reserved unto and conferred upon said court of competent jurisdiction.*

"Reasonable" is defined as "[f]air, proper, or moderate under the circumstances."

Reasonable, Black's Law Dictionary (11th ed. 2019). "The key to a proper award of counsel fees is reasonableness under all of the circumstances." Joynes v. Payne, 36 Va. App. 401, 429 (2001) (citing McGinnis v. McGinnis, 1 Va. App. 272, 277 (1985)). "An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Northcutt v. Northcutt, 39 Va. App. 192, 199-200 (2002) (quoting Graves v. Graves, 4 Va. App. 326, 333 (1987)). "Factors to be considered [in an award of attorney's

- 5 -

fees] may include . . . whether the party unnecessarily increased litigation costs through unjustified conduct." Rinaldi v. Rinaldi, 53 Va. App. 61, 78 (2008) (citing Northcutt, 39 Va. App. at 200-01).

This Court has found that a trial court "did not abuse its discretion in ordering each party to pay his or her own attorney's fees and costs," when "the record demonstrate[d] lack of cooperation from both parties during discovery." Conley v. Bonasera, 72 Va. App. 337, 351 (2020). Finally, the language in Kane v. Szymczak, 41 Va. App. 365 (2003), quoted below, is here most appropriate.[1] The Court found that in a case where "the record . . . demonstrates a level of rancor and discord thankfully rare in our courts . . . we cannot say the chancellor abused his discretion by finding that both parties contributed to [the] regrettable state of affairs and by ruling that neither party should be awarded attorney's fees." Id. at 375.

> When we say that a circuit court has discretion, we mean that "the [circuit] court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Landrum v. Chippenham and Johnston-Willis Hosps, Inc., 282 Va. 346, 352 (2011). There are three principal ways in which a circuit court abuses its discretion:
>
>> When a relevant factor that should have been given significant weight is not considered; when an improper factor is considered and given significant weight; and when all proper factors, and no improper ones are considered, but the court, in weighing those factors, commits a clear error of judgment.
>
> Id. "Thus, only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Sauder v. Ferguson, 289 Va. 449, 459 (2015).

Galiotos v. Galiotos, ___ Va. ___, ___ (June 3, 2021). While the terms of the award of attorney's fees and costs originate in the parties' agreements, those agreements reflect, by their

---

[1] This Court cited Northcutt, 39 Va. App. at 192, Graves, 4 Va. App. at 326, and Joynes, 36 Va. App. at 401, in its opinion.

language, this Court's case law as to that issue. Moreover, as noted, neither party "substantially prevail[ed]" on all issues, and accordingly, neither party satisfied that term as set forth in those agreements. We find that the trial court did not abuse its discretion in refusing to award attorney's fees and costs for either party because a refusal to award attorney's fees was within the trial court's "range of choice." Id. at __. Accordingly, that decision is affirmed.

## APPELLATE FEES

Both parties contend that they are entitled to an award of attorney's fees and costs incurred because of this appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Koons v. Crane, 72 Va. App. 720, 742 (2021) (quoting Friedman v. Smith, 68 Va. App. 529, 545 (2018)). Here, though, by the terms of paragraph 19(D) of the MMSA, an award of attorney's fees and costs on appeal is mandatory, as father prevailed in entirety on all issues raised on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

Conley, 72 Va. App. at 351 (quoting O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996)). Accordingly, we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by husband in this appeal.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which should also include any additional attorney's fees incurred at the remand hearing.

Affirmed and remanded.