COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Ortiz and Lorish

ANTHONY DWAYNE VALENTINE, JR.

MEMORANDUM OPINION*

v.       Record No. 0666-21-1

PER CURIAM
JUNE 28, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

(W. McMillan Powers, Assistant Public Defender, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Rosemary V. Bourne, Senior
Assistant Attorney General, on briefs), for appellee.


Counsel for Anthony Dwayne Valentine, Jr. filed a brief on his behalf accompanied by a

motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

Valentine also filed a *pro se* supplement to his counsel's *Anders* brief. Valentine contends that

the trial court abused its discretion by imposing a two-year active sentence for his probation

violation. After examining the briefs and record, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

We affirm the judgment of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

doing so, we discard any of Valentine's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

Valentine pled guilty to possession of a firearm by a convicted felon. By final order entered on August 9, 2019, the trial court sentenced him to two years' imprisonment, all suspended on condition of completing a two-year term of supervised probation. On September 9, 2020, a probation officer filed a major violation report asserting that Valentine violated the conditions of his supervised probation by being arrested on eight new charges in the City of Chesapeake. The report also stated that Valentine had failed to report to his probation officer and had changed his residence without the officer's permission. The probation officer filed an addendum to the major violation report in April 2021, asserting that on March 1, 2021, Valentine pled guilty in the Circuit Court of the City of Chesapeake to three felonies: forgery of public records, uttering a forged record, and identify theft.

At the revocation hearing, the probation officer testified that, as asserted in the major violation report, Valentine had pled guilty to three new felony offenses. She also stated that he had failed to report as required on multiple occasions and changed his residence without the officer's permission. The probation officer told the trial court that Valentine had failed to appear at two different scheduled appointments in March 2020 and that she was unsuccessful in reaching Valentine via telephone between April and June 2020, despite numerous attempts. An appointment letter sent to Valentine's address in June 2020 was returned to sender and could not be forwarded.

Valentine did not contest the violations, but testified about circumstances that had made it difficult for him to adhere to the conditions of his probation. He said that in March 2020, his mother—whom he had been staying with—was evicted from her home and had contracted COVID-19. He subsequently lived in his car. Moreover, Valentine said that he could not afford a

phone during his supervision, and he testified that he was unaware of the letter because of his mother's eviction from the residence where he had been living. He also stated that he was receiving treatment for anxiety and depression. Valentine said he took responsibility for his actions, and he did not dispute that he had violated the terms and conditions of his probation. His counsel argued that while the circumstances did not excuse Valentine's conduct, they did "at least mitigate what was going on" and requested a suspended sentence.

The trial court found that, based on the evidence presented, Valentine had violated the terms of his supervised probation and revoked the previously suspended two-year sentence. Concluding that Valentine was not amenable to supervision, the trial court imposed a two-year revocation sentence with no time suspended by final order entered on June 21, 2021. Valentine filed a motion to modify the revocation sentence, which the trial court denied.

ANALYSIS

Valentine conceded below that he violated the terms of his supervised probation and did not object to the trial court's decision to revoke the previously suspended sentence. As clarified by his *pro se* supplement to the brief filed by counsel, Valentine challenges only the duration of his revocation sentence.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v.*

*Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011) (quoting *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535.

Under Code § 19.2-306(C), if the trial court finds good cause to believe that the defendant has violated the terms of his suspension, the court may revoke the suspension and impose a new sentence. The court can then suspend all or any part of this sentence for a period up to the maximum period under the statute for which the defendant might originally have been sentenced, less any time already served, and may place the defendant upon terms and conditions or probation. Therefore, the trial court had the authority to revoke the previously suspended two-year sentence and not resuspend any of that time.

The record reflects that the trial court heard and considered Valentine's arguments, but Valentine admitted that he "could have [come] down, or called in" to make contact with the probation officer and that he "could have tried. But [he] didn't." The court also noted that in addition to being out of contact with his probation officer, Valentine had missed at least two appointments he had already made with her, in addition to committing the three additional felonies while on probation. The court therefore determined that the full suspended sentence should be imposed. In light of these facts, we cannot conclude that the trial court abused its discretion in revoking the suspension of Valentine's sentence and not resuspending any of it.

- 4 -

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. We also grant counsel's motion for leave to withdraw. This Court's records shall reflect that Anthony Dwayne Valentine, Jr., is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings on appeal.

*Affirmed.*